Argued October 11, affirmed October 25, 1961

# STATE OF OREGON *v.* BURNETT
365 P. 2d 1060

*James W. Walton,* Corvallis, argued the cause for appellant. On the briefs were Daniel R. Dimick, Roseburg, and Ringo and Walton, Corvallis.

Avery W. Thompson, District Attorney, and George F. Weigum, Deputy District Attorney, Roseburg, filed a brief for respondent.

Before MCALLISTER, C. J., and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

GOODWIN, J.

The defendant appeals from a judgment following a plea of guilty to a charge of contributing to the delinquency of a minor. He assigns error to the denial by the circuit court of a timely motion for leave to withdraw his plea of guilty under ORS 135.850.

The transcript reveals that prior to any proceedings in the circuit court the trial judge instructed the defendant with painstaking care concerning all of his rights. The defendant insisted in open court that he understood the charge, that he was guilty, and that he did not want an attorney. He also stated that he had

a college education which included two years of law. He then proceeded to waive all his rights and entered a plea of guilty to an information charging him with a violation of ORS 167.210.

Since the charge involved sexual molestation of a child, the court decided to send the defendant to the state hospital for examination pursuant to ORS 137.116. It was the day after he learned that he was to be sent to the hospital that the defendant made his motion for leave to change his plea.

■ The motion was addressed to the sound discretion of the trial court. ORS 135.850. Therefore, the only question before this court is whether the trial court abused its discretion. *State v. Bloor,* 73 Adv Sh 273, 229 Or 49, 365 P2d 103, 1075.

In support of his motion, the defendant filed an affidavit in which he stated that he was not guilty of the crime but that he had pleaded guilty in order to avoid publicity and to protect his job. He further alleged that the district attorney, in an interview with him at the jail, had given him reason to "assume" that the court would treat the case as a misdemeanor.

■ If the allegations of the defendant's affidavit were true, then any such promise by the district attorney would be a sufficient reason to vacate the judgment and set the case for trial. *Ward v. United States,* 116 F2d 135 (6th Cir 1940). We adopt the view of the Oklahoma Court of Criminal Appeals:

> "The general rule of law as stated by numerous decisions of this and other courts is that an application to withdraw a plea of guilty is addressed to the sound discretion of the trial court; that the law favors the trial of criminal cases on the merits and where it reasonably appears a plea of guilty was influenced by persons in authority or apparent

authority * * * [who] led a defendant to believe that by entering a plea of guilty his punishment [would] be thereby mitigated he should be permitted to withdraw the plea of guilty and to enter a plea of not guilty and the refusal to permit him to do so is an abuse of discretion. [Citing cases.]" *Sloan v. State,* 54 Okla Cr 324, 326, 20 P2d 917.

■ In the above-mentioned state and federal cases, the law enforcement officers admitted that they had talked the defendants into pleading guilty. In the case at bar, such conduct is denied. The trial court ordered a hearing and went into the matter fully. At this hearing, and at all times thereafter, the defendant was ably represented by counsel. The trial court found as a matter of fact that the defendant was not pressured into pleading guilty, nor was anything said to him which could cause a reasonable person to believe that he would receive a lighter penalty if he pleaded guilty than if he stood trial. Upon a review of the entire record, we are impressed with the fairness with which the court inquired into the defendant's motion to change his plea. Ordinarily, any doubt should be resolved in favor of permitting the plea to be withdrawn. In the case at bar, the trial court had the opportunity to evaluate the defendant's story. He did not believe it. We can not say as a matter of law that the trial judge abused his discretion.

In the final analysis, there is nothing in the record to indicate that the defendant did not fully understand what he was doing when he pleaded guilty. We quote from the transcript at the time of the taking of the plea:

"Q [The Court] Very well then. Having waived the one-day waiting period you will be required to do one of the following things: You may move to

set the information aside, you may demur to the information, you may plead not guilty, you may plead guilty or, if you stand without response whatsoever, a plea of not guilty will be entered in your behalf. Which do you wish to do?

"A   Enter a plea of guilty, Your Honor.

"Q   Have there been any threats made against you, promises made to you or inducements offered to you of any nature whatsoever to induce you to plead guilty to this charge?

"A   No, Your Honor.

"Q   Do you do so freely and voluntarily?

"A   Yes.

"Q   Are you content in your own mind that you are guilty of the crime alleged against you in the information?

"A   Yes, sir.

"Q   You are content that you are guilty? (Hesitation by defendant.)

"A   Yes.

"Q   I notice some hesitation. Are you guilty of this crime or not?

"A   Yes, sir.

"Q   Are you sure you are guilty?

"A   Yes.

"Q   How old are you, Mr. Burnett?

"A   36.

"Q   Before receiving your plea of guilty I want to read to you the portion of the statute that covers the crime of contributing to the delinquency of a child or minor and read to you the portion of the statute that sets out the possible maximum punishment. The statute provides that a person guilty of that crime, either by conviction or a guilty plea 'shall be punished upon conviction by a fine of not more than $1,000 or by imprisonment in the county jail for a period not exceeding one year, or both, or by imprisonment in the penitentiary for a period not exceeding five years.' With that in mind do you still wish to plead guilty?

"A   Yes, Your Honor."

■ It is not error to refuse leave to withdraw the plea if the defendant fully understood his rights, the nature of the charge against him, and the consequences of such a plea. *Ward v. United States,* 116 F2d 135 (6th Cir 1940), supra, and cases collected therein. See also the Annotation, 146 ALR 1430.

■ Another assignment of error challenges the judgment upon the ground that two psychiatric reports made pursuant to an order of the court were not sent to the defendant by registered mail as demanded by ORS 137.113. The defendant contends that this failure upon the part of the county clerk renders the judgment void. He cites no authority for such a proposition. However, even if it be assumed that the failure of the clerk of the court to mail the defendant a copy of the report in the ordinary case would require us to send the case back for resentencing, it does not follow that we must do so in this case. The record reveals that the trial judge furnished copies of the reports to the defense attorney. The attorney used copies of the reports during the cross-examination of the psychiatrists at the hearing prior to the imposition of sentence. Further, the reports were received in evidence without objection. At no time did the defendant object to receiving the reports from the trial judge instead of from the postman. The fact that the defendant did not receive copies of the report by registered mail could not have affected any of his substantial rights.

There being no error and no abuse of discretion, the judgment is affirmed.