Argued March 6, affirmed March 27, 1968

# STATE OF OREGON, *Respondent, v.* CHARLES EDWIN CORNELIUS, *Appellant.*

438 P. 2d 1020

*Gary D. Babcock,* Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, former Public Defender, Salem; Charles E. Cornelius filed a brief *in propria persona.*

*William N. Wallace,* Gold Beach, argued the cause for respondent. On the brief was Robert L. Miller, District Attorney, Gold Beach.

Before PERRY, Chief Justice, and MCALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Defendant pled guilty and was convicted on January 18, 1966, to a charge by information of "assault while not armed   *   *   *   by means of force likely to produce great bodily injury," which had been reduced from a prior indictment charging assault with intent to kill.

He was represented by a firm of attorneys ap-

pointed by the court. After conviction, and the same day, the district attorney filed an Information of Previous Convictions. Still represented by the appointed attorney, he admitted the previous conviction charged. The court requested a presentence report. On March 8, 1966, defendant sought to withdraw his guilty plea and admission of former conviction, which the court refused. At this hearing he was represented by another member of his appointed firm. The record shows these attorneys to have frequently consulted with defendant. He then was sentenced to 10 years in the state penitentiary.

In this appeal the appointed counsel has withdrawn and he is represented by the public defender, consistent with the requirements of *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967).

■ The defendant has filed his own affidavit alleging numerous errors of the trial court, most of which are, on their face, without merit. The assertion in the affidavit that he was confined five and one-half months in a small cell is false as shown by the transcript. Defendant was, by court order for the greater part of one month of the period in question, confined in the Oregon State Hospital for psychiatric evaluation to determine if he was able to aid in his own defense.

■ The court has reviewed the brief filed by the public defender, has considered the oral arguments, and has read the defendant's letter to this court received after argument of the case. This appeal is controlled by our decision in *State v. Jairl,* 229 Or 533, 368 P2d 323 (1962), where we said:

> "We therefore construe ORS 138.050 to restrict the right of appeal of a defendant convicted upon a plea of guilty to the grounds specified in that section [excessive, cruel or unusual punishment]

*and no other.* \* \* \* [A] defendant now has adequate means, provided by the Post-Conviction Hearing Act, by which to assert rights guaranteed by the state and federal constitutions. He is entitled to no more." (Emphasis supplied.) 229 Or at 541, 542.

Defendant's many complaints of error contain nothing about alleged excessiveness of penalty.

■ The defendant, as noted, on March 8, 1966, sought to withdraw his plea of guilty and admission of prior conviction. Under *State v. Burnett,* 228 Or 556, 365 P2d 1060 (1961), we may review the action of the trial court to determine whether the trial court abused his discretion in refusing withdrawal of the plea and admission. The substance of defendant's complaint is that he was pressured into his plea and admission, and that the court should have given him a full-scale hearing when he sought to withdraw them.

■■ The part of the transcript dealing with the January 18, 1966, proceeding follows. This testimony occurred after the plea at the time when defendant admitted the information of previous convictions.

"THE COURT: As I read the law, you have an absolute right to wait fifteen days before being brought before the Court on this matter, this is a right that you have, an absolute right but like other rights, it can be waived if you wish to waive it.

"This means to give up the right to have fifteen days elapse. There is no pressure on you whatsoever to waive this right, you have every right to demand it.

"If you waive it, I must know that you are doing so on your own free will without any coercion [sic], without any promises, without any threats being made to you.

"So, it is entirely up to you, to yourself, whether you want to come before the Court on this proceeding now or whether you would rather wait the fifteen days to which you are entitled.

"Which would you rather do?

"A. Proceed now, sir.

"THE COURT: There have been no threats or promises made to you to require you to give up this right?

"A. No, sir.

"THE COURT: You have talked it over with your counsel previously, have you?

"A. Yes.

"THE COURT: All right, we will proceed.

* * * * *

"THE COURT: * * *

"Now, you have the right to have a hearing on the truth of the allegations contained in this information.

"You have the right to the aid of counsel which has been appointed for you.

"After you have had a reasonable time to consult with Mr. Ormsbee, your counsel, you will have the right to come before the Court and either admit or deny the allegations in the information which I have just read to you and that was the next proceeding.

"The waiver will be received in evidence.

"Now, there is no reason at all, Mr. Ormsbee, why he couldn't have all the time you want to discuss this matter with your client. I can carry on the trial that I am engaged in and recess in an hour or at the end of the day or tomorrow or next week, or whenever you want to carry on the matter, it makes no difference to the Court.

"MR. ORMSBEE: Would it be possible to recess in half an hour?

"THE COURT: Yes.

* * * * *

[LATER] "THE COURT: Are you ready to proceed further, Mr. Ormsbee?

"MR. ORMSBEE: Defendant is ready, Your Honor.

"THE COURT: All right, then, let's see, this is the time, then, that you will be given a right to either admit or deny the allegations contained in the information that I have read for you.

"Do you admit them or deny them?

"A. I admit them, sir.

"THE COURT: All right, it will be shown in the record that the defendant admits the allegations and admits the truth of them, I should say.

"The Court, then, in accordance with the law will vacate and does hereby vacate the sentence which was previously imposed and it is required by law to do that and it will impose a new sentence which from my understanding of the law is that it cannot be more than double the penalty originally imposed.

"* * *

"THE COURT: The Court is very anxious not to be hasty about this matter, it would be my opinion that you are absolutely entitled to wait two days before any sentence at all is imposed and even longer if you desire it.

"The Court desires a pre-sentence investigation be made in this matter before any sentence at all is imposed."

These quotations from the proceedings indicate that there was no pressure from officials upon defendant. The whole transcript shows he was given the opportunity to confer with counsel as long as he felt necessary at every step of the proceeding.

"It is not error to refuse leave to withdraw the plea if the defendant fully understood his rights, the nature of the charge against him, and the con-

sequences of such a plea * * *." *State v. Burnett,* supra, 228 Or at 561.

The transcript shows these tests were met. There was no abuse of the court's discretion, and a detailed study of the record in the light of defendant's complaints discloses no error.

Judgment is affirmed.