Argued and submitted January 24, affirmed March 16, 1983

# STATE OF OREGON,
*Appellant,*

*v.*

# DUANE TAYLOR, aka Johnson,
Frank, aka Red, Chicago,
*Respondent.*

(C 81-04-32051; CA A23717)

660 P2d 690

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babock, Public Defender.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a state's appeal from an order dismissing murder and felony murder charges against defendant on grounds of former jeopardy. We conclude that the trial court was correct in concluding that jeopardy had attached when defendant's plea of guilty to charges of hindering prosecution was accepted and entered. We therefore affirm.

Defendant was arrested after a shooting in Portland on March 17, 1981. The prosecutor offered defendant a deal whereby murder and felony murder charges would be dismissed and defendant would be allowed to plead guilty to a reduced charge of hindering prosecution if defendant would agree to testify against a co-defendant, Donald Sims. On July 6, 1981, defendant entered an unconditional guilty plea to the hindering prosecution charge. The plea was accepted by the court, and an "Order Entering Plea of Guilty" was signed by the trial judge that day. The case was continued to August 7, 1981, for sentencing. At the August hearing, and before the imposition of sentence, the prosecutor stated that the state would not be willing to proceed unless defendant agreed to waive jeopardy. That issue had not previously been discussed with defendant or his attorney. At that time defendant, directly and through his attorney, stated that he wanted to be sentenced that day and was willing to waive his right to the defense of double jeopardy. Defendant was given a five-year sentence.

Defendant later refused to testify at the omnibus hearing in Sims' case. The state then attempted to prosecute defendant for murder and felony murder. It is admitted that those charges arose from the same series of events as the hindering prosecution charge and that the prosecutor knew of defendant's involvement in those events. The trial court dismissed the murder charges, holding that jeopardy had attached when defendant's guilty plea to the hindering prosecution charge was entered and that the purported waiver that took place at the sentencing hearing was not timely and was of no consequence.

The state argues that jeopardy did not attach until judgment was entered and that defendant's waiver

therefore was effective.[1] The state argues alternatively that defendant repudiated his double jeopardy defense by breaching his plea bargain and refusing to testify in the Sims case.

■     Prohibitions against double jeopardy are contained in the state and federal constitutions and in ORS 131.505 to 131.535. The state argues that the protection afforded under the statute is the same as the constitutional protection. We agree that the determination of when jeopardy attached requires the same analysis under the statute and the constitutional provisions.

ORS 131.515(2) provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and established proper venue in a single court."

ORS 131.505(5) provides:

"A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instrument filed in any court of this state or in any court of any political subdivision of this state, and when the action either:

"(a) Terminates in a conviction upon a plea of guilty; or

"* * * * *."

When a defendant enters a guilty plea the trial court is required to determine that it is intelligently and voluntarily made, ORS 135.390, and to inform the defendant of the nature of the charge and the potential penalties and of the rights that are waived by entry of a guilty pea. ORS 135.385. That is to be done *before* the court accepts the plea.

■ ■     The state argues that defendant was not convicted until judgment was entered because, it urges, a guilty *plea* is not final. The state contends a guilty plea is solely the act of the defendant and may be withdrawn at any time before judgment is entered. It relies on ORS 135.365:

---

[1] The state does *not* argue that defendant's waiver was effective even if jeopardy had attached by the time the waiver was made. Consequently we do not address that issue or express any opinion regarding it.

"The court may at any time before judgment, upon a plea of guilty or no contest, permit it to be withdrawn and a plea of not guilty substituted therefor."

ORS 135.385 and 135.390 demonstrate, however, that acceptance of a guilty plea is not solely the act of a defendant, but is an affirmative action by the court. In addition, ORS 135.365 has been interpreted to mean that a defendant may not always withdraw a guilty plea. Whether to allow withdrawal of a plea is in the discretion of the trial court. *State v. Cornelius,* 249 Or 454, 438 P2d 1020 (1968); *State v. Burnett,* 228 Or 556, 365 P2d 1060 (1961). It will not ordinarily be considered an abuse of discretion to refuse to allow withdrawal of a guilty plea when the defendant fully understood his rights, the nature of the charge against him and the consequences of the plea. *State v. Burnett, supra; Schreck v. Cupp,* 32 Or App 605, 575 P2d 662 (1978); *see* ORS 135.385 and 135.390.

■ ■   The statutory scheme indicates that once a guilty plea has been accepted by the court, the defendant has been placed in "jeopardy." The court may then proceed to enter judgment and sentence the defendant. A defendant has no *right* to withdraw his or her plea, and a judgment of conviction will be entered unless the court should determine pursuant to ORS 135.395 that there is an insufficient factual basis for the plea.

The state argues that the term "conviction" in ORS 131.505(5) requires sentencing and entry of judgment. The statute does not define the term "conviction." In other contexts it has been noted that the term has at least two meanings:

" 'In the states having no statutory definition and in the fourteen states that have enacted a general definition, the courts define "conviction" in two ways. The first view equates a conviction with the determination of guilt, either by plea of guilty or by the court's or jury's verdict of guilty. Most courts accept this definition when the statute in question involves either the imposition of a punitive sanction or a criminal procedure. * * *

" 'The second definition of conviction is more specific than the first. According to this view, a conviction has occurred only after both a determination of guilt and a pronouncement of judgment and sentence. There is no

conviction unless judgment and sentence are rendered. When the statute in question imposes civil disabilities, most courts adopt this second definition. These courts reason that the legislature did not intend for valuable rights and privileges to be lost without a final judgment and sentence. * * *' Special Project, The Collateral Consequences of a Criminal Conviction, 23 Vand L Rev 929, 953-54 (1970). (Footnotes omitted.)" *Vasquez v. Courtney,* 272 Or 477, 480-81, 537 P2d 536 (1975).

See *State v. Cartwright,* 246 Or 120, 141, 418 P2d 822 (1966), *cert den* 386 US 937 (1967); *State v. Hoffman,* 236 Or 98, 103-04, 385 P2d 741 (1963).

■■■■ It is clear that in enacting the former jeopardy provisions of the Oregon statutes the legislature intended the statutes to be consistent with constitutional protections. *See* Proposed Oregon Criminal Procedure Code 16, §§ 26-29, Commentary (1972). We believe that it is consonant with the constitutional requirements to interpret the term "conviction" in ORS 131.505(5)(a) in the first sense referred to above. We conclude that when a trial court has accepted a guilty plea, after informing the defendant as required by statute and after determining that the plea is voluntarily and intelligently made, the defendant has been "convicted" for purposes of ORS 131.505 and 131.515.

This interpretation is consistent with the view in decisions of other state and federal courts that have held that, under the federal Constitution, jeopardy attaches when a guilty plea has been accepted by the court. *See, e.g., United States v. Jerry,* 487 F2d 600 (3d Cir 1973); *United States v. Rocco,* 397 F Supp 655 (D Mass 1975); *Markiewicz v. Black,* 138 Colo 128, 330 P2d 539 (1958); *State v. Blackwell,* 65 Nev 405, 198 P2d 280, 200 P2d 698 (1948); *Belter v. State,* 178 Wis 57, 189 NW 270 (1922); *Ray v. State,* 231 So 2d 813 (Fla 1970); *see also People v. Mims,* 136 Cal App 2d 828, 289 P2d 539 (1959) (decided under California constitution); *State v. Sailor,* 257 NW2d 349 (Minn 1977) (interpreting term "convicted" in state statute); *but see United States v. Combs,* 634 F2d 1295 (10th Cir 1980) (guilty plea to one count and jury trial on second count of indictment all part of one continuous process). We conclude that the trial court was correct in holding that jeopardy attached at the time defendant's guilty plea was accepted.

■ The state further argues that it should not be prohibited from prosecuting defendant on the murder and felony murder charges, because defendant violated the terms of his plea agreement by refusing to testify. Although it may be that the state would not be constitutionally prohibited from prosecuting defendant under those circumstances, *see Adamson v. Superior Court of Arizona,* 125 Ariz 579, 611 P2d 932 (1980), we do not see any room in the statutory scheme to hold that defendant may now be prosecuted for charges that concedely are based on the same criminal episode and were known to the prosecutor at the time of the first prosecution. ORS 131.515(2) is specific and mandatory and does not allow further prosecution.

Affirmed.