# STATE OF OREGON,
## *Respondent,*
### *v.*
# LARRY LEE LARSEN,
## *Appellant.*

### (No. C78-02-01734, CA 13896)

607 P2d 212

Gilah Tenenbaum, Portland, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

CAMPBELL, J.

Tanzer, J., dissenting opinion.

## CAMPBELL, J.

The defendant has appealed from an order revoking his probation and imposing a one-year sentence in the Multnomah County jail. We affirm.

In April 1978, the defendant entered a plea of guilty to escape in the second degree, a Class C felony. The trial court reduced the offense to a Class A misdemeanor, suspended the imposition of sentence and placed the defendant on three years' probation. One of the conditions of probation was "that the defendant violate no laws."

In December 1978, the defendant was convicted of felony driving while suspended. The sentencing court on the escape conviction ordered the defendant to appear and show cause why his probation should not be revoked.

In February 1979, the defendant's probation was revoked and he was sentenced to six months in the county jail. The defendant protested the sentence saying, among other things, "I don't need jail." He refused to sign a form acknowledging that his rights to appeal had been explained to him. Defendant interrupted the trial judge's explanation of defendant's appeal rights. The court cautioned the defendant to be quiet or he would end up being sentenced for contempt.

After further colloquy the court said:

"Mr. Larsen, we are not through with the sentencing yet. The record should indicate that Mr. Larsen just further demonstrated his childishness by kicking over a chair. In view of your conduct, Mr. Larsen, I am satisfied I made a mistake in sentencing. I'll vacate that order and sentence you to a year in the county jail."

Defendant first contends that the order imposing sentence must be reversed because the sentencing

court failed to comply with ORS 137.120(2)[1] by failing to state the reasons for the sentence. Although defendant's escape in the second degree is a Class C felony, ORS 162.155, the sentencing court declared the offense a Class A misdemeanor, entered it as such on the Judgment and Probation Order, and suspended sentence in favor of probation. When defendant's probation was ordered revoked and sentence imposed, the sentence was for a misdemeanor. ORS 137.120(2) does not apply to misdemeanors. Therefore the absence of a statement of reasons is not error.

Defendant also requests that we review the one-year sentence under ORS 138.050 to determine whether it is "excessive in light of the nature and background of the offender or the facts and circumstances of the offense." *State v. Dinkel,* 34 Or App 375, 385, 579 P2d 245 (1978); ORS 138.050. Under *State v. Dinkel,* 34 Or App at 388, we will intervene in the sentencing decision only "when we find that a sentence imposed by a trial court is * * * 'clearly mistaken' * * * or a 'clear abuse of discretion.' " (Citations omitted.)

Next we address the contention that the trial court erred in vacating the six-month sentence and imposing a one-year sentence. The defendant's contention is answered by *State v. Nelson,* 246 Or 321, 324, 424 P2d 223, 225, *cert denied,* 389 US 964, 88 S Ct 340, 19 L Ed 2d 379 (1967), wherein the court said:

"The sole question presented by this appeal is whether the trial court may, after having orally pronounced his sentence, change that sentence.

[1] ORS 137.120(2) provides:

"Whenever any person is convicted of a *felony,* the court shall, unless it imposes other than a sentence to serve a term of imprisonment in the custody of the Corrections Division, sentence such person to imprisonment for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum term for the crime, which shall not exceed the maximum term of imprisonment provided by law therefor; and judgment shall be given accordingly. Such a sentence shall be known as an indeterminate sentence. *The court shall state on the record the reasons for the sentence imposed."* (Emphasis supplied.)

"Subject to exceptions not here pertinent, it is the rule in this state that the trial court may not revise its judgment and increase the sentence even during the term at which it was pronounced if 'the judgment has gone into effect by commitment of the defendant under it, * * *.' *State v. Ludwig,* 218 Or 483, 492, 344 P2d 764, 768 *State v. Cannon,* 11 Or 312, 314, 2 P 191.

"It is clear in this case that the execution of the judgment had not commenced at the time the trial court revised its judgment."

It is also clear in this case that the execution of the six-month sentence had not commenced at the time the trial court revised it to one year.

*See also State ex rel Gladden v. Kelly,* 213 Or 197, 199-200, 324 P2d 486 (1958); *State v. Highland,* 28 Or App 251, 558 P2d 1298 (1977); *State v. Olson,* 22 Or App 344, 539 P2d 166 (1975).

Affirmed.

**TANZER, J.,** dissenting.

The majority states the facts correctly. A fuller exposition of the transcript demonstrates more graphically that the imposition of a six-month sentence had been completely performed, except for the issuance of the written order, prior to the chair incident.

The trial judge reviewed defendant's performance on probation, the circumstances of his September conviction and the presentence report prepared in connection with the escape conviction. Then,

"THE COURT: Well, I can be sympathetic, Mr. Larsen, to a point, but you have done it over and over again. This is your third conviction for driving while suspended.

"THE DEFENDANT: Yes, it is.

"THE COURT: You have a no op in 1973 and two driving while suspendeds in 1974. You are living a charmed life. You could have gone to the penitentiary this time. The State doesn't want you to drive.

[773]

"THE DEFENDANT: I realize that.

"THE COURT: Well, in looking back I see I didn't do what I was advised to do in the presentence report. It was probably an unrealistic sentence in the first place.

"I'll find, Mr. Larsen, that you have violated the conditions of your probation and I'll order your probation revoked and simply follow the recommendation that was made in the original pre-sentence report; that is I will sentence you to six months in the county jail and provide that you be given credit for the time you have already served."

Moments later, following a remonstrance by defendant to his sentence and his refusal to sign and acknowledge the court's Notice and Advice of Right of Appeal form, the colloquy between the court and defendant continued:

"[THE COURT:] I don't know if your attitude is just a product of immaturity or what, but I want to point out to you if you don't want to be in jail giving the Judge difficulty at the time of sentencing is not the way to avoid it.

"THE DEFENDANT: I'm going to jail. What do you mean if I don't want to be in jail?

"THE COURT: I could add another six months to it.

"THE DEFENDANT: I know you could.

"THE COURT: Is that what you want?

"THE DEFENDANT: No, that's not what I want."

The judge had apparently begun to leave the bench when the colloquy recommenced.

"THE COURT: Mr. Larsen, we are not through with the sentencing yet. The record should indicate that Mr. Larsen just further demonstrated his childishness by kicking over a chair. In view of your conduct, Mr. Larsen, I am satisfied I made a mistake in the sentencing. I'll vacate that order and sentence you to a year in the county jail."

Our review is under ORS 138.050:

"* * * A defendant who has pleaded guilty or no contest may take an appeal from a judgment on

conviction where it imposes a sentence that is cruel, unusual or excessive *in light of the nature and background of the offender or the facts and circumstances of the offense.* * * * On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered." (Emphasis supplied.)

In *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), *rev den* (1979), we set out the principles, applicable here, by which we would perform our responsibility under ORS 138.050 in light of the entire statutory sentencing scheme. We held that the Court of Appeals is responsible for substantive review of sentences, and that we will regard a sentence as "excessive in light of the nature and background of the offender or the facts and circumstances of the offense" only if it is clearly mistaken or a clear abuse of discretion.

The underlying rationale of the *Dinkel* principle is great deference to the trial court and equally great reluctance to tinker with reasoned sentences from our physical, temporal and procedural distance. This self-imposed restriction on our discretion, however, is not a rule by which we require ourselves to rubber-stamp the trial court or to look the other way in every case. We should defer where there is reason to do so, but not automatically. As a matter of deference, I conclude that the sentence is clearly mistaken and, hence, excessive.

Here, the trial court informedly and deliberately imposed a six-month sentence. We should presume, as in all cases, that the trial court considered the objectives of the criminal law summarized in *Dinkel, i.e.,* rehabilitation, public protection, deterrence and retribution, and that the sentence was calculated to achieve one or more of those objectives. For all the

[775]

reasons enunciated and implied in *Dinkel,* I would defer to that judgment of the trial court.

Thereafter, based solely upon events occurring after a valid sentence was pronounced, namely defendant's emotional reaction to the sentence, the trial court doubled the sentence to one year. I see no indication that this action was based upon considered application of the objectives of the criminal law. Rather, it appears only that the defendant graphically expressed his displeasure at his sentence. The reasons to defer to the trial court's first judgment are not applicable to the trial court's second exercise of judgment.

I do not suggest that a court may not correct an error in pronouncing judgment. *See State v. Nelson,* 246 Or 321, 324, 424 P2d 223, *cert den* 389 US 964 (1967). Moreover, when a defendant's ingratitude for his sentence is manifested by contemptuous behavior, the court may punish him under ORS 33.010 and 33.030. Where, however, a sentence is increased because, in essence, the defendant flunks a post-sentencing personality test, this court should not automatically and unquestioningly defer. I would not do so here.

I agree with the other aspects of the majority opinion. I would modify the sentence by reimposing the six-month sentence.