Argued and submitted September 4, affirmed November 20, 1984

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# THOMAS L. SMITH,
*Petitioner on Review.*

## (TC C82-09-37561; CA A28101; SC S30598)

691 P2d 89

Lawrence Matasar, Portland, argued the cause for petitioner on review. With him on the briefs was Hoffman, Matasar & Glaeser, Portland.

Christine A. Chute, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Solicitor General, Salem.

LENT, J.

## LENT, J.

The issue is whether a witness may be impeached by showing that although he had been found guilty of a Class C felony, the trial court had entered judgment of conviction for a Class A misdemeanor. We hold that the witness may be so impeached.

Approximately six months before the trial in the instant case, defendant had been prosecuted in circuit court in Oregon for theft in the first degree, a Class C felony, and had been found guilty. ORS 161.705(1) provided:

"Notwithstanding ORS 161.525, the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly when:

"(a)   A person is convicted of any Class C felony."

The trial court in that case entered judgment for a Class A misdemeanor.

In the case at bar defendant sought a ruling from the trial court that the earlier "conviction" could not be used to impeach defendant, as a witness, under OEC 609(1), which provides:

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (b) involved false statement."

Defendant's contention was that because the "judgment" was for a misdemeanor, the "crime" was not punishable by death or imprisonment in excess of one year.[1] The trial court ruled that the state would be allowed to impeach defendant "by this conviction." In answer to a question put to him as a witness, the defendant testified that he had "a criminal record" for theft in the first degree.

---

[1] The maximum term of imprisonment for a Class A misdemeanor is one year, ORS 161.615.

Defendant was convicted of a crime in the case at bar and appealed, assigning as error the trial court's ruling above described.[2] The Court of Appeals affirmed the trial court on the basis of the text of ORS 161.705(1)(a). That text discloses that when one is "convicted" of a Class C felony, the trial court may enter "judgment of conviction" for a Class A misdemeanor. The Court of Appeals interpreted that text as disclosing a difference to be accorded to the two terms, "convicted" and "judgment of conviction." Because the two terms in that context could not mean the same thing, that court concluded that "convicted" meant the finding by the trier of fact. The court implicitly held that the word "convicted" in OEC must have the same meaning.

In his petition for review defendant contends that the Court of Appeals' decision here is contrary to its decision in *State v. Bouthillier,* 4 Or App 145, 476 P2d 209, 479 P2d 512 (1970). There the trial court had allowed impeachment of a witness who had been found guilty of a felony by a jury. No "sentence or judgment" had been entered, however, at the time the witness testified and was impeached. The Court of Appeals held the trial court had erred in allowing impeachment.

In addition to his claim that the Court of Appeals' decisions were inconsistent, the defendant contends that this court's decision in *Vasquez v. Courtney,* 272 Or 477, 537 P2d 536 (1975), dictates reversal in the case at bar. In *Vasquez* the plaintiff commenced the action after he had been found guilty of a felony by a jury and had pleaded guilty to another felony charge. "Judgments" were not entered in either instance until after the civil action had been filed. Oregon then had a statute that provided that a person "convicted" of a felony could not maintain a civil cause while imprisoned or on release unless the cause had been started prior to conviction. This court held

---

[2] On appeal the defendant contended not only that his "prior Theft I conviction" could not be used under OEC 609(1), but that the trial court had failed to determine on the record that the probative value of the evidence outweighed its prejudicial effect and, moreover, that the crime of theft does not involve a false statement. The Court of Appeals refused to consider the contention concerning a determination on the record because that contention had not been made in the trial court. *State v. Smith,* 67 Or App 311, 314, 677 P2d 715 (1984). The Court of Appeals did not discuss the contention that the crime of theft does not involve a false statement. The petition for review does not make either of the further contentions described in this footnote.

that because the civil action had been filed before judgment was entered in the criminal cases, the disability for one convicted did not obtain.

By supplementary memorandum in support of the petition for review defendant brought to our attention the decision of the Court of Appeals in *State v. Larsen,* 44 Or App 769, 607 P2d 212, *rev den* 289 Or 275 (1979), a case not cited to the Court of Appeals in the briefs in the case at bar. Defendant in the instant case contended that in *Larsen* the defendant had been given immediate misdemeanor treatment on his guilty plea to a Class C felony charge and had been placed on probation. Later his probation was revoked, and he was sentenced to a year in jail. The sentencing court failed to state reasons for the sentence. ORS 137.120(2) provided in part that whenever a person "is convicted of a felony" the court must state on the record the reasons for the sentence imposed. The Court of Appeals held that the trial court had originally declared the "offense" to be a misdemeanor and had entered it as such "on the Judgment and Probation Order." 44 Or App at 772. When the trial court ordered probation revoked and sentence was imposed, the sentence was for a misdemeanor; therefore, held the Court of Appeals, ORS 137.120(2), which spoke only to felonies, was not applicable.

We allowed review in the case at bar for the general reason that both the legislature and the courts have seemingly treated the word "convicted" in more than one sense and, more particularly, to determine if "convicted" as used in OEC 609(1) means the finding by the trier of fact that a person is guilty of a felony or means the judgment that is entered thereafter.

We conclude that *State v. Bouthillier, supra,* is not in conflict with the Court of Appeals' decision in this case. At the time *Bouthillier* was tried former ORS 45.600 provided that to impeach a witness

"it may be shown by his examination or by the *record of the judgment,* that he has been convicted of a crime." (Emphasis added.)

The Court of Appeals held no more than that there could not be a record of a judgment until there was a judgment and,

therefore, the trial court erred in admitting the witness' conviction under that statutory text.

Likewise, we conclude that *Vasquez v. Courtney, supra,* does not dictate a result contrary to the decision of the Court of Appeals in the case at bar. The disability to start or maintain an action followed from "conviction" of a felony. The word "conviction" was defined in ORS 137.230 as meaning

"an adjudication of guilt upon a verdict or finding entered in a criminal proceeding in a court of competent jurisdiction."

This court held that it was "clear" that the statute contemplated, first, a finding by the trier of fact of guilt and, second, an "adjudication" based on the finding. Although the court noted that conviction sometimes refers to the finding of guilt by plea or verdict and sometimes to the judgment based on the finding, the court recognized that civil disability statutes in most jurisdictions are strictly construed and have been held to mean the second stage, namely, the "pronouncement of judgment" by the court.

Neither do we believe that *State v. Larsen, supra,* is contrary to the Court of Appeals' decision in the case at bar. ORS 137.120(2) imposes a duty on a court when the court is fixing the maximum term of imprisonment in pronouncing an "indeterminate" sentence. A sentence for a misdemeanor cannot be indeterminate. "Sentences for misdemeanors shall be for a definite term." ORS 161.615. Whether or not the reasons advanced by the Court of Appeals in *Larsen* were correct, ORS 137.120(2) was not applicable, and the trial court had no obligation to state the reasons for the sentence there imposed.

That the Court of Appeals' decision in the case at bar is not in conflict with its own decisions or with this court's decision above reviewed is not dispositive of the defendant's contention that the trial court erred in the respect here involved. We must still determine whether the text of OEC 609(1), "convicted * * * of a crime * * * punishable by * * * imprisonment in excess of one year," supports the trial court's ruling. Both the state and the defendant agree that the legislature has not specifically defined "convicted" as used in that text. If it means the finding by the trier of fact that one is

guilty of a felony as charged in an accusatory instrument, the defendant loses. If, on the other hand, it means the judgment entered by the court pursuant to the finding by the trier of fact, defendant is correct that the trial court erred.

■       Each party directs our attention to alleged public policy decisions by the legislature that are contended as being dispositive of the issue. Defendant relies upon what he perceives to be the policy embodied in the enactment of ORS 161.705(1)(a). The pertinent part of that statute as first enacted, Or Laws 1971, ch 743, § 83, provided:

> "* * * when a person is convicted of any Class C felony * * * if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly."

The chief purpose of the section is obviously to permit the trial court in given circumstances to avoid undue harshness to a particular defendant. The text was silent as to when the trial court had to make the choice to enter judgment for either felony or misdemeanor, but the Commentary by the Criminal Law Revision Commission stated that the power would exist not only at the "initial sentencing stage, but would be a continuing authority through any probationary or suspended sentence stage."[3]

The statute was amended in 1977 in particulars not important to our present inquiry, but it was further amended, Or Laws 1979, ch 124, § 1, so as apparently to require a trial court to consider the nature and circumstances of the defendant and the history and character of the defendant only when entering judgment of conviction after a defendant had successfully completed a "sentence" of probation. The text apparently did not require the trial court to consider those factors if probation was not prescribed with respect to conviction of a Class C felony but simply left it to the unbridled discretion of the trial court to enter judgment of conviction immediately for a Class A misdemeanor. Although the statute

---

[3] Proposed Oregon Criminal Code, Final Draft and Report, July 1970, page 79.

was again amended in 1981, nothing pertinent to the present issue was changed.

During oral argument in this court the state contended that although the trial court is not charged with considering the circumstances above described in giving immediate misdemeanor treatment, nevertheless, the spirit of the statute is that the trial court should consider those matters in giving immediate misdemeanor treatment.

Defendant argues that the 1971 enactment and the subsequent legislative treatment of the statute demonstrate that the legislature meant to allow a trial court to relieve a person found guilty of a Class C felony of some of the consequences of a felony conviction, just as a prosecutor has historically been able to do by selecting the charge to be made or by plea bargaining to reduce a felony charge to a misdemeanor. One of those consequences, runs the argument, is possible impeachment of a felon, as a witness, by reason of his conviction; therefore, urges the defendant, when the trial court enters judgment of conviction of misdemeanor, the statute and the court's judgment must be taken to intend that the miscreant is no longer subject to impeachment as having been convicted of a felony.

Tying the argument on ORS 161.705(1)(a) into OEC 609(1), defendant concludes that when the court enters judgment of conviction for a misdemeanor, that particular consequence vanishes, and because the crime is no longer punishable by imprisonment in excess of one year, the conviction is not available to impeach the criminal's credibility when he appears in a cause as a witness.

The state's answer is that the defendant, having invoked ORS 161.705(1)(a) as the basis of his position, must take the bad with the good that may flow from that statute. The statutory text envisions two steps in chronological order. The first is that one is "convicted of any Class C felony." The second is that "judgment of conviction" is entered by the court. We agree that the first step is the finding by the trier of fact that the accused is guilty of the felony charged in the accusatory instrument. The statute, very obviously, makes the term "judgment of conviction" mean something else than the finding by the trier of fact.

From this the state argues that "convicted" of a felony refers to the finding by the trier of fact, for where the legislature means to focus on "judgment of conviction" it knows how to do so in so many words. The Court of Appeals implicitly agreed.

We must inquire what policy impelled the legislature to the choice of the statutory language of OEC 609(1). The predecessor statute was former ORS 45.600, which provided:

"A witness may be impeached * * * [by showing] by his examination or by the record of the judgment, that he has been convicted of a crime."

As the text clearly stated (and as was held by the Court of Appeals in *State v. Bouthillier, supra*), impeachment, in that context, could not be shown other than by a judgment of conviction. ORS 45.600 was repealed by the same enactment, Or Laws 1981, ch 892 (§ 98), as that which adopted OEC 609(1), Or Laws 1981, ch 892 (§ 53). The legislature did not choose to couch the predicate for impeachment in terms of a "judgment" of conviction as was the case under prior law. This is a telling fact against the defendant's position.

Let us examine the context of this legislative choice of words. Before 1981 the legislature had made a policy choice that a witness' credibility was vulnerable to attack by a showing that the witness had been *adjudged* to be a criminal, whether a felon or a misdemeanant. By adopting OEC 609(1) the legislature decreed that a misdemeanant's credibility could not be attacked unless the crime involved a "false statement." On the other hand, unless the probative value of the "conviction" was outweighed by its prejudicial effect, a felon's credibility could be attacked by showing the "conviction" of the felony which gave rise to his status.[4]

The very text of OEC 609(1) demonstrates that this kind of evidence is admissible only "[f]or the purpose of

---

[4] Although there is no official legislative commentary to Oregon Evidence Code, a commentary was prepared by legal counsel for the House Committee on the Judiciary and the Senate Justice Committee and was approved by those two standing committees of the Legislative Assembly. That commentary, as reported in the publication by Butterworth, Oregon Rules of Evidence (1981), pages 123-124, indicates that the balancing of probative value against prejudice for the purpose of determining admissibility applies only to the situation of the defendant in a criminal case who is called as a witness. The *text* of OEC 609(1) is not so confined.

attacking the credibility of a witness." The value judgment by the legislature was that one who has committed certain forbidden acts may not be as worthy of belief as one who abides by the laws. Where the forbidden acts were deemed so serious as to be punishable as a felony, a "conviction" thereof was deemed to be evidence pertinent to a witness' credibility even if the crime did not involve a "false statement."

In enacting OEC 609(1) the legislature abandoned the former statutory language of ORS 45.600, "record of the judgment," and adopted "public record" in its place. A verdict in a criminal case is a public record. The legislature chose to use the term "punishable" rather than "punished." We conclude that the legislature intended that one may be impeached by showing that he has been found guilty by the trier of fact of having committed acts which would have subjected him to imprisonment for more than one year.[5]

Affirmed.

---

[5] If the finding of guilt of the acts charged in an accusatory instrument is duly set aside as, for example, in the granting of a motion for a new trial by a trial court, the "conviction" by the trier of fact could not be used for impeachment purposes.