Argued and submitted February 22, judgment modified in part; otherwise affirmed
June 16, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# VERIL FRANKLIN GILE,
*Appellant.*

## (97CR1979; CA A100759)

985 P2d 199

David E. Groom, State Public Defender, and Andy Simrin, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant appeals from a judgment following a finding of his guilt except for insanity of the crime of burglary in the second degree. ORS 164.215. He assigns error to the portions of the judgment that imposed a unitary assessment and required him to pay as costs his court-appointed attorney fees. We delete the portion of the judgment imposing those financial obligations.

Defendant was arrested and charged with burglary in the first degree. ORS 164.225.[1] He requested and was provided court-appointed counsel. Pursuant to a plea agreement, defendant pleaded guilty except for insanity under ORS 161.295[2] to the lesser included offense of burglary in the second degree. The trial court accepted that plea and entered judgment accordingly. In the dispositional judgment, the court found that defendant remained affected by a mental disease and presented a substantial danger to others but that adequate supervision and treatment were available to warrant his conditional release. The court placed defendant under the jurisdiction of the Psychiatric Security Review Board (PSRB) and designated Coos County Mental Health to supervise him following release. Among other provisions of the judgment, the court ordered defendant to pay the $100 felony unitary assessment, ORS 137.290,[3] and $400 toward the costs of appointed counsel under ORS 161.665(1).[4]

---

[1] Defendant was also charged with unlawful entry into a motor vehicle. ORS 164.272. That charge is not relevant to this appeal; we do not discuss it further.

[2] ORS 161.295 provides, in part:

"(1) A person is guilty except for insanity if, as a result of mental disease or defect at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law."

[3] ORS 137.290 provides, in part:

"(1) In all cases of *conviction* for the commission of a crime * * * the trial court * * * shall impose upon the defendant, in addition to any other monetary obligation imposed, a unitary assessment under this section. * * * The unitary assessment is a penal obligation in the nature of a fine and shall be in an amount as follows:

"(a) $100 in the case of a felony." (Emphasis added.)

[4] ORS 161.665(1) provides, in part:

"[T]he court, only in the case of a defendant for whom it enters a *judgment of conviction*, may include in its *sentence* thereunder a provision that the

On appeal, defendant asserts that imposition of the financial obligations required a criminal conviction, which he maintains is inconsistent with a determination of guilt except for insanity. The state concedes that the statutes authorizing imposition of such obligations require an underlying conviction. However, the state argues that the judgment of guilt except for insanity constituted a conviction and, therefore, that the financial obligations were authorized. We review for errors of law. ORS 138.220.

■■ ORS 137.290 requires the court to impose the appropriate unitary assessment "in all cases of conviction." ORS 161.665 affords the court discretion to impose costs in a "judgment of conviction." In the state's view, the trial court was required to impose the unitary assessment and had the discretion to impose costs. We must therefore determine whether the term "conviction," as used in ORS 137.290 and ORS 161.665, includes dispositional judgments based on findings of guilt except for insanity. That question requires two separate inquiries. First, we must determine the legislature's intended meaning for the word "conviction" in those statutes. Second, we must determine whether an adjudication of guilt except for insanity constitutes such a conviction, thus authorizing the imposition of statutory criminal costs and assessments.

■ We begin by construing the term "conviction" as used in ORS 161.665(1) and ORS 137.290. In interpreting the wording of a statute, this court's task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). We discern that intent by examining first the text and context of the statute. *Id.* The context includes other provisions of the statute and other related statutes, as well as relevant judicial construction of those statutes. *Id.; see also Owens v. Maass*, 323 Or 430, 435, 918 P2d 808 (1996). If our analysis of those sources discloses the legislature's intent, then we end our inquiry. *PGE*, 317 Or at 611.

convicted defendant shall pay as costs expenses specially incurred by the state in prosecuting the defendant. Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or [ORS] 135.050 * * *." (Emphasis added.)

■     Neither ORS 137.290 nor ORS 161.665 defines the term "conviction."[5] However, the term does have two well-defined legal meanings. A conviction may, depending on the context, signify either a finding of guilt by plea or verdict or a criminal judgment pronouncing sentence. *Vasquez v. Courtney*, 272 Or 477, 480, 537 P2d 536 (1975).[6]

The two meanings of "conviction" were recognized before 1971, when ORS 161.665 was enacted as part of the revised Oregon Criminal Code.[7] *See State v. Hoffman*, 236 Or 98, 103-04, 385 P2d 741 (1963); *State v. Cartwright*, 246 Or 120, 141, 418 P2d 822 (1966), *cert den* 386 US 937 (1967). The distinction was also clearly understood in 1987, when ORS 137.290 was enacted.[8] *See State v. Taylor*, 62 Or App 220, 224-25, 660 P2d 690 (1983). Therefore, those meanings are relevant to statutory construction under *PGE*'s methodology. *Brian v. Oregon Government Ethics Commission*, 320 Or 676, 682-83, 891 P2d 649 (1995). Given that choice of meanings, the text and context of each statute makes clear that the legislature intended "conviction" to mean a judgment of conviction and corresponding criminal sentence and not merely a finding of guilt.

We turn first to ORS 161.665, the older of the two statutes. ORS 161.665(1) provides that the court may impose costs "in its sentence [under a judgment of conviction]." Subsections (3) and (4) of that statute relate the imposition of costs to a "sentence." This court has also held that "[r]eimbursement for attorney fees are costs which are assessable as part of *the sentence*." *State v. Montgomery*, 50 Or App 381, 387, 824 P2d 151, *rev den* 290 Or 727 (1981) (emphasis added). In a criminal action, "sentence is ordinarily synonymous with judgment." *State v. Morales*, 21 Or App

---

[5] Although the criminal code defines "convicted" and "conviction" in ORS 137.230, ORS 161.725, and ORS 166.270, those definitions are expressly limited in application and do not constitute context for ORS 137.290 or ORS 161.665.

[6] For example, in *State v. Smith*, 298 Or 173, 182, 691 P2d 89 (1984), the court concluded that, as used in OEC 609(1), the term "convicted" refers only to a finding of guilt. In contrast, for purposes of ORS 166.270 ("convicted" felon in possession of a firearm), a defendant is not "convicted" until entry of a felony judgment of conviction. *State v. Dintelman*, 112 Or App 350, 352, 829 P2d 719 (1992).

[7] Or Laws 1971, ch 743, § 80.

[8] Or Laws 1987, ch 905, § 1.

827, 832-33, 537 P2d 109. Thus, it is apparent that "conviction," as used in ORS 161.665(1), refers to a criminal judgment imposing sentence and not to a preliminary finding of guilt.

On the other hand, ORS 137.290 does not expressly provide whether the unitary assessment requires a judgment of conviction. However, the overall statutory framework regulating the enforcement and satisfaction of monetary obligations in criminal actions supports the conclusion that the unitary assessment, like other assessments, is based on a criminal sentencing judgment. ORS 137.290 provides that "[t]he unitary assessment is a penal obligation *in the nature of a fine.*" (Emphasis added.) ORS 137.450 provides that *judgments* against a defendant in a criminal action requiring the payment of *fines, assessments* and *costs* may be enforced as a judgment in a civil action. ORS 137.452 refers to "monetary obligations" imposed as part of a "sentence" and "money judgment," and ORS 137.295(2)(c) identifies the unitary assessment as a monetary obligation. Moreover, we have held that the imposition of monetary assessments under ORS 137.290 constitutes a sentence. *State v. Vasby,* 101 Or App 1, 788 P2d 1024 (1990). Therefore, we conclude that the foundation for imposition of the unitary assessment must also be a criminal sentencing judgment, rather than a finding of guilt.

Our construction of the text and context of the statutes is also supported by common sense. Financial obligations ought to be imposed only in a judgment because judgments are docketed, may be levied on and, when final, are appealable. A finding of guilt, when accomplished separately from sentencing, is typically documented only by a journal entry in the trial court record and does not furnish a suitable means for the recording and enforcement of financial obligations. Therefore, based on an examination of the text and context of the authorizing statutes, we conclude that the imposition of attorney fees as costs and the unitary assessment require a sentencing judgment and not merely an antecedent finding of guilt.

We next turn to the question of whether a judgment of guilt except for insanity is a judgment of conviction that

permits the imposition of costs and the unitary assessment. Although ORS 161.295 defines the term guilty except for insanity, neither that nor any other statute provides whether or not such a finding or the resulting dispositional judgment constitutes a conviction. As the state observes, the Oregon Supreme Court has held that a finding of guilt except for insanity is a determination of guilt and, therefore, is a conviction in that sense. *State v. Counts*, 311 Or 616, 621-22, 816 P2d 1157 (1991); *State v. Olmstead*, 310 Or 455, 462-63, 800 P2d 277 (1990).[9] However, defendant correctly responds that the same cases hold that a person found guilty except for insanity is not criminally responsible for his or her conduct. *Counts*, 311 Or at 621-22; *Olmstead*, 310 Or at 464-65. Therefore, to reason consistently, a dispositional judgment of guilt except for insanity must not be a criminal judgment pronouncing sentence, the form of conviction required for the imposition of financial obligations under ORS 137.290 and ORS 161.665(1).[10]

Although that conclusion is reached from a fair reading of *Counts* and *Olmstead*, it is also confirmed by an examination of the statutory framework that serves as context for ORS 161.295.[11] *PGE*, 317 Or at 611. That framework is a separate, unified and exclusive scheme distinct from the sentencing statutes and rules applicable to criminally responsible defendants. Unlike criminal sentencing, its focus is on considerations of care, treatment, supervision and public safety but not on punishment. ORS 161.327(1), (2) and (5).[12]

---

[9] Those decisions, rendered after the 1983 amendment to ORS 161.295 and before the adoption of the *PGE* template for statutory construction, are nevertheless controlling in this case. *See Wright v. Osborne*, 151 Or App 466, 470-71, 949 P2d 321 (1997), *rev den* 327 Or 448 (1998).

[10] *Mueller v. Benning*, 314 Or 615, 619, 841 P2d 640 (1992), a case relied on by the state, did not hold to the contrary. There, the Supreme Court held that post-conviction relief is available to persons under PSRB jurisdiction because they were found guilty except for insanity. *Mueller* stands for the proposition that a person adjudicated guilty except for insanity may, as may any other "convicted" person, challenge the underlying proceedings, the dispositional judgment, or both. ORS 138.540(1). *Mueller* certainly did not hold, contrary to *Counts* and *Olmstead*, that such a defendant is subject to criminal responsibility.

[11] That statutory framework is contained in ORS 161.325 to ORS 161.351.

[12] In order for a particular disposition to be a sentence, "the disposition must be ordered by the court, it must be a disposition that affects a criminal or an offender, *and it should serve to punish or penalize.*" *State v. Trice*, 146 Or App 15, 19, 933 P2d 345, *rev den* 325 Or 280 (1997) (emphasis added).

For example, a trial court may not imprison a person found guilty except for insanity. Instead, the court must follow the dispositional alternatives contained in ORS 161.325 to ORS 161.351. *Olmstead*, 310 Or at 463; OAR 213-009-0002. If a defendant remains affected by mental disease and presents a danger to others, then the court must commit the defendant to the jurisdiction of PSRB. ORS 161.327(1). The court must also commit the defendant to the custody of the state hospital, unless it finds that supervision and treatment are available and that they can adequately control the defendant's conduct if he or she is conditionally released. ORS 161.327(2)(a) and (b). Alternatively, if the court finds that the defendant is no longer affected by the mental disease and no longer presents a danger to others, then it must discharge him or her from custody. ORS 161.329. Each of the dispositional alternatives provided reflects a focus distinct from that of a judgment imposing a sentence.

Furthermore, the statutory framework uses the word "conviction" only once and then in a context suggesting that the dispositional judgment is not a criminal judgment imposing a sentence. ORS 161.325(2)(a) provides that the court's dispositional order shall "[d]etermine on the record the offense of which the person *otherwise would have been convicted.*" (Emphasis added.) Finally, the absence of any provision authorizing imposition of financial obligations on a defendant found guilty except for insanity is telling. All of the foregoing contextual evidence further supports the conclusion that a judgment of guilt except for insanity is not a judgment pronouncing sentence that would serve as a foundation for the imposition of statutory costs and assessments.

However, assuming it were necessary to pursue our analysis of the meaning of ORS 161.295 beyond the first level under *PGE*, we disagree with the state's assertion that legislative history supports a different construction from the one we reach. In 1971, when ORS 161.665 was enacted, a judgment excluding criminal responsibility on grounds of mental disease or defect constituted an acquittal. ORS 161.319; Or Laws 1971, ch 743, § 43. Because such a judgment was not a conviction, criminal costs could not be assessed against the acquitted defendant. In 1977, the legislature amended ORS 161.319 to delete the reference to acquittal and to provide

that the defendant is found *not responsible* due to mental disease or defect. Or Laws 1977, ch 380, § 4. Finally, the legislature amended the statute to its current form in 1983 to provide that the defendant is found guilty except for insanity. Or Laws 1983, ch 800, § 1.

The state cites the extensive legislative history surrounding the 1983 revision to the statutory framework, including the testimony of Jeffrey Rogers, an attorney and professor at Oregon Health Sciences University, who testified before the legislature about the effects of the revision. The state correctly observes that the legislative history, including Rogers' testimony, shows that persons found guilty except for insanity generally must have acted with a culpable mental state. However, that same legislative history demonstrates that a judgment of guilt except for insanity is not a judgment of criminal responsibility and, therefore, is not a conviction in the sense of a criminal judgment pronouncing sentence. In *Olmstead*, the Supreme Court described the distinction as follows:

> "Now the statute calls for a finding that the defendant is 'guilty except for insanity.' ORS 161.295. In making that change, the legislature understood that the new terminology recognizes even more explicitly that a defendant who is found guilty except for insanity has committed all elements of the crime, *although the defendant is to be treated differently at the dispositional stage of the proceedings*. For example, Donald Turner, Professor of Law at Willamette University, told the Senate Judiciary Committee that the concept of the defense is that people who establish it are *not criminally responsible* 'for the crime' that they otherwise have committed. Minutes, Senate Judiciary Committee, June 29, 1983, p 8. Jeffrey L. Rogers * * * testified before the House Judiciary Committee that the new plea 'would indicate to the community and the jury that the person committed the crime and intended to except he *is not fully guilty* because he was legally insane.' Minutes, House Committee on Judiciary, May 13, 1983, p 4. Rogers' written testimony explained the effect of the change in more detail:
>
> > " 'I believe the new term does in fact more accurately describe the process as it currently exists in the Oregon statutes. O.R.S. 161.295 provides that a person *is not responsible* for "criminal conduct" if he meets the rest of

the insanity defense test. Before the question of whether the person is responsible or not need arise, the evidence has to prove criminal conduct. Criminal conduct means an act or omission and its accompanying culpable mental state. *See* O.R.S. 161.085(4) and O.R.S. 161.095.' " *Olmstead*, 310 Or at 464-65 (emphasis added).

*See also Counts*, 311 Or at 621-22.

Thus, we conclude that the governing judicial precedent, the statutory context of which ORS 161.295 is a part, and, if needed, the legislative history behind the 1983 statutory revision combine to establish that a judgment of guilt except for insanity is not a conviction in the sense of a judgment imposing a sentence and, therefore, may not include criminal costs and assessments that flow from such a conviction. In the absence of such a conviction, the trial court erred in imposing a unitary assessment and the costs of appointed counsel in the dispositional judgment.

Judgment modified to delete unitary assessment and costs of appointed counsel; otherwise affirmed.