998 P.2d 1080

**The STATE of Arizona, Respondent,**

v.

**Allistaire Quenton HEARTFIELD, Petitioner.**

**No. 2CA–CR99–0161–PR.**

Court of Appeals of Arizona, Division 2, Department B.

March 7, 2000.

Isabel G. Garcia, Pima County Legal Defender by Joy Athena, Tucson, Attorneys for Petitioner.

BRAMMER, Presiding Judge.

¶ 1 In this petition for review of the denial of post-conviction relief, filed pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S., petitioner Allistaire Quenton Heartfield challenges the trial court's rejection of his claim that it lacked jurisdiction to order him to pay restitution because he was found guilty except insane under A.R.S. § 13–502. We agree with Heartfield and grant relief.

¶ 2 Pursuant to a plea agreement, Heartfield was found guilty except insane of the charge of attempted arson of an occupied structure. Pursuant to A.R.S. §§ 13–3994, 13–701, and 13–604, the trial court placed him under the jurisdiction of the Psychiatric Security Review Board for a period of 7.5 years and ordered him committed to a secure mental health facility. In accordance with the plea agreement, the court ordered Heartfield to pay $15,595.81 in restitution to the victim or its insurers. The plea agreement's paragraph on restitution, however, contained the following statement: Heartfield "reserves the right, however, to a legal challenge to the imposition of restitution under a Guilty Except Insane plea, pursuant to 13–502 and 13–3994." Heartfield did challenge the restitution order, both before the court entered it and again in his petition for post-conviction relief. After oral argument on the petition, the trial court denied relief. This petition for review followed. The state has not filed a response.

¶ 3 Heartfield contends that, because he was found guilty except insane, the court could only do that which § 13–502 expressly provides. He argues that nothing in § 13–502 authorizes the court to impose restitution. The issue raised is one of statutory interpretation and involves a question of law that is subject to our de novo review. *State v. Jensen*, 193 Ariz. 105, 970 P.2d 937 (App. 1998).

¶ 4 We first examine the language of the relevant statutes to determine whether the court had the express authority to order Heartfield to pay restitution. *See State v. Proctor*, 277 Ariz. Adv. Rep. 14, 1998 WL 598407 (Ct.App. September 8, 1998). Section 13–502(D) provides as follows:

> If the finder of fact finds the defendant guilty except insane, the court shall determine the sentence the defendant could have received pursuant to § 13–703, subsection A or § 13–707 or the presumptive sentence the defendant could have received pursuant to § 13–604, 13–604.01, 13–701, subsection C, § 13–710 or § 13–1406 if the defendant had not been found insane, and the judge shall commit the defendant pursuant to § 13–3994 for that term....

Section 13–3994 provides limits for the period during which the Psychiatric Security Review Board has jurisdiction over a person found guilty except insane and the term of commitment, based on the nature of the offense and the prison term that could have been imposed if the person had been convicted of a crime. Neither § 13–502 nor § 13–3994 authorizes any additional consequences of a finding of guilty except insane, other than requiring the court to order a nonindigent defendant to pay for the expense of psychological evaluation or commitment in a mental health facility. § 13–502(B). Rule 25, Ariz. R.Crim. P., 17 A.R.S., similarly limits the trial court's authority after a finding of guilty except insane to committing the person to a secure mental health facility as provided in § 13–3994.

¶ 5 Nor is there any express authority in any of the restitution statutes for a trial court to order payment of restitution under §§ 13–502 or 13–3994. Section 13–603(C), A.R.S., for example, requires a trial court to order "the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court...." Similarly, A.R.S. § 13–804 permits a trial court to order all or any portion of a criminal fine to be allocated as restitution. Neither provision refers to §§ 13–502 or 13–3994 or otherwise states that it applies to a person found guilty except insane. *Compare* §§ 13–502, 13–3994 *with* Or.Rev.Stat. §§ 147.275, 161.295 (providing for guilty but insane verdict and expressly authorizing order of restitution).

¶ 6 We do not believe that a finding of guilty except insane is a conviction for purposes of restitution. *See Pouncey* (person found guilty but insane has not been convicted of a crime); *but see State v. Ovind*, 186 Ariz. 475, 477, 924 P.2d 479, 481 (App.1996) (reiterating, without disputing the accuracy of, defendant's request to set aside "the conviction and sentence"); *Coconino County Pub. Defender v. Adams*, 184 Ariz. 273, 276, 908 P.2d 489, 492 (App.1995) (rejecting claim that defendant had right to counsel in hearing before Psychiatric Security Review

Board after "guilty except insane verdict" because "it is too attenuated from the criminal conviction to be considered a stage of the proceeding" and finding such hearings "similar to parole release hearings, which also follow from a conviction for an offense triable in superior court"). That the legislature intended such a finding to be regarded differently from a conviction is demonstrated in § 13–502(E), which provides that "[a] guilty except insane verdict is not a criminal conviction for sentencing enhancement purposes under § 13–604." And, under the Sexually Violent Persons Act, A.R.S. §§ 36–3701 through 36–3716, the legislature implicitly recognized that the two kinds of verdicts are distinguishable by defining a sexually violent person as one who "[h]as ever been convicted of or found guilty but insane of a sexually violent offense...." § 36–3701(7). Finally, A.R.S. § 13–4033(A)(1) provides that a defendant may appeal from "[a] final judgment of conviction or verdict of guilty except insane."

¶ 7 The Oregon Court of Appeals reached a similar conclusion in *State v. Gile,* 161 Or.App. 146, 985 P.2d 199 (1999). The court held that a finding of guilty except insane is not a conviction for purposes of criminal statutes authorizing imposition of a felony assessment and payment of a portion of the fees for court-appointed counsel.[1] Like this court, the court in *Gile* looked to the language of Oregon's criminal assessment statutes to determine the meaning of the word "conviction," and considered, as well, whether an adjudication of guilty except insane should be construed as a conviction. Although the court concluded that these felony assessments could not be imposed, in part because

it found such assessments to be part of a sentence and therefore punishment, the court looked to the legislative history of the state's insanity statute and its revision in 1983, to "guilty except for insanity." 985 P.2d at 203. The court stated:

> ... the legislative history ... shows that persons found guilty except for insanity generally must have acted with a culpable mental state. However, that same legislative history demonstrates that a judgment of guilt except for insanity is not a judgment of criminal responsibility and, therefore, is not a conviction in the sense of a criminal judgment pronouncing sentence.

*Id.*

¶ 8 Nor do we believe that the trial court had implicit authority to order Heartfield to pay restitution. Section 13–502(A) formerly provided that "[a] person is not responsible for criminal conduct if at the time of such conduct the person was suffering from such a mental disease or defect as not to know the nature and quality of the act or, if such person did know, that such person did not know that what he was doing was wrong." 1977 Ariz. Sess. Laws, ch. 142, § 45. The statute, which codified the *M'Naghten*[2] test for criminal insanity, was amended in 1993 and now provides that "[a] person may be found guilty except insane if at the time of the commission of the criminal act the person was afflicted with a mental disease or defect of such severity that the person did not know the criminal act was wrong." 1993 Ariz. Sess. Laws, ch. 256, § 3, effective January 1, 1994.[3] Although the

---

1. Although the Oregon statutes have specifically allowed for an award of restitution upon a finding of guilty except for insanity, Or.Rev.Stat. § 147.275, we otherwise find the *Gile* court's reasoning most persuasive.

2. *In re M'Naghten's Case,* 8 Eng. Rep. 718 (H.L. 1843).

3. Several jurisdictions have recognized that persons who are legally insane should not be held criminally responsible by retaining an insanity defense and creating a category of defendants who may be mentally ill but are nevertheless guilty because they are not insane. A person found guilty but mentally ill remains responsible for the consequences of his or her criminal conduct. *See, e.g.,* 720 Ill. Comp. Stat. § 5/6–2(a)

and (c) (stating that insane person lacks capacity to appreciate criminality of conduct and is not criminally responsible, whereas person who is mentally ill is not relieved of criminal responsibility); *see also* Alaska Stat. §§ 12.47.010, 12.47.030; Del.Code Ann. tit. 11, § 401; Ind. Code §§ 35–36–2–2, 35–36–2–3, 35–41–3–6; Mich. Comp. Laws §§ 768.21a, 768.36; 18 Pa. Cons.Stat. §§ 314, 315; Utah Code Ann. §§ 76–2–305, 77–13–1. Although Maryland, like Arizona, allows for a verdict of guilty but insane, its statutes specifically provide that a person who lacks the capacity to appreciate the criminality of his or her conduct or to conform that conduct to the requirements of the law may not be held criminally responsible. *See* Md.Code Ann. §§ 12–108, 12–109, 12–111; *Pouncey v. State,*

amended statute essentially eliminated the first part of the *M'Naghten* test, inherent in the definition of insanity is the historical recognition that an insane defendant is not responsible for his or her conduct. As our supreme court noted before the statute was amended: "Despite the pull of popular sentiment towards retribution against mentally ill individuals who commit criminal, otherwise punishable acts, the long standing policy of this state has been that persons who are insane are not responsible for criminal conduct and are therefore not subject to punishment." *State ex rel. Collins v. Superior Court*, 150 Ariz. 295, 298, 723 P.2d 644, 647 (1986). Such a person is unable to conform his or her behavior to societal norms. *See State v. Corley*, 108 Ariz. 240, 242, 495 P.2d 470, 472 (1972) ("a person's knowledge that his act is 'wrong,' as such term is used ... for criminal insanity," may not be based on the defendant's "personal beliefs" but on " 'wrong' as defined by a community standard of morality"); [4] *see generally People v. Serravo*, 823 P.2d 128, 137 (Colo.1992) (the concepts of right and wrong "are essentially ethical in character and have their primary source in the existing societal standards of morality"); *State v. Wilson*, 242 Conn. 605, 700 A.2d 633 (1997) (finding personal belief test improper method for measuring defendant's capacity to appreciate wrongfulness of actions under statute); *State v. Worlock*, 117 N.J. 596, 569 A.2d 1314 (1990) (concept of moral wrong judged by societal, not personal, individual standards of defendant).

¶ 9  Our restitution statutes both explicitly and implicitly recognize that there must be an element of responsibility before a defendant may be ordered to pay restitution; thus, they require that the defendant be convicted of some crime. Section 13–804(A), for example, provides:

> Upon a defendant's *conviction* for an offense causing economic loss to any per-

son, the court, in its sole discretion, may order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant to any person who suffered an economic loss caused by the defendant's conduct.

(Emphasis added.)   Subsection B provides that, "[i]n ordering restitution for economic loss pursuant to § 13–603, subsection C or subsection A of this section, the court shall consider all losses caused by the criminal offense or offenses for which the defendant has been *convicted*." (Emphasis added.) Section 13–603(C) provides that, "[i]f a person is *convicted* of an offense, the court shall require the *convicted* person to make restitution to the person who is the victim of the crime...." (Emphasis added.) *See also* Ariz. Const. art. II, § 2.1(A)(8) (victim has right to restitution from person *convicted* of criminal conduct that caused loss or injury) (emphasis added); A.R.S. § 13–901(A) (if probation is granted, court must order restitution pursuant to § 13–603(C) when victim suffered economic loss).

¶ 10  We conclude that the trial court lacked statutory authority to order Heartfield to pay restitution. It is neither expressly nor implicitly authorized by the applicable statutes. That Heartfield agreed to pay it in a plea agreement is of no moment because, as previously noted, Heartfield expressly reserved the right to challenge any restitution order. Because the trial court erred as a matter of law in requiring Heartfield to pay restitution after he was found guilty except insane, we grant relief and vacate the court's restitution order.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and JOSEPH W. HOWARD, Judge

---

297 Md. 264, 465 A.2d 475 (1983) (although person may be found guilty but insane, no criminal sentence may be imposed because person has not been "convicted" of offense in traditional sense of criminal law); *see also* Me.Rev.Stat. Ann. tit. 17–A, § 40 (providing for finding of guilt followed by separate determination of whether defendant is insane and, therefore, not criminally responsible).

**4.** In *State v. Tamplin*, 195 Ariz. 246, 986 P.2d 914 (App.1999), we recently found that, because the legislature retained the second part of the *M'Naghten* test when it amended the statute in 1993, our supreme court's definition of "wrong" in *Corley* is still viable.