Argued and submitted December 22, 2003, affirmed September 22, 2004, petition for review denied February 15, 2005 (338 Or 124)

STATE OF OREGON,
*Appellant,*

*v.*

BART ALAN SAUNDERS,
*Respondent.*

C011442CR; A115760

97 P3d 1261

Laura S. Anderson, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Ryan Scott argued the cause for respondent. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Dan Maloney, Chief Deputy Public Defender, Office of Public Defense Services.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this criminal case, the state appeals a pretrial order granting defendant's motion to exclude evidence of defendant's prior adjudications of guilty except for insanity of public indecency. We review for errors of law and affirm.

The facts are not in dispute. Defendant was charged by indictment with felony public indecency as follows:

> "The defendant, on or about May 27, 2001, in Washington County, Oregon, did unlawfully and knowingly expose his genitals while in a public place, to wit: Winco Foods, with the intent of arousing the sexual desire of himself and another person. The defendant having a prior conviction for public indecency."

The parties stipulated and the trial court found that defendant had, on four previous occasions, been adjudicated "guilty except for insanity" of public indecency. Defendant moved to exclude evidence of the prior adjudications, arguing that guilty except for insanity adjudications are not "convictions" for purposes of increasing defendant's crime from a misdemeanor to a felony under ORS 163.465(2)(b). The state argued that the prior adjudications of guilty except for insanity are such convictions. The trial court granted defendant's motion. The state appeals.

■ If a defendant has a prior conviction for public indecency, he can be charged with the elevated crime of felony public indecency. ORS 163.465 provides, in part:

> "(2)(a)   Public indecency is a Class A misdemeanor.
>
> "(b)   Notwithstanding paragraph (a) of this subsection, public indecency is a Class C felony if the person has a prior *conviction* for public indecency * * *."

(Emphasis added.) The question here is whether defendant had such a prior conviction. We must determine whether the legislature intended that a judgment of guilty except for insanity is a conviction under ORS 163.465(2)(b).

■■ There are two generally accepted meanings of the word "conviction." Depending on the context, a conviction may be either a finding of guilt by plea or verdict or a final

judgment entered on a plea or verdict. *Vasquez v. Courtney*, 272 Or 477, 479-80, 537 P2d 536 (1975). We start by applying the rules of statutory construction to determine the legislature's intended meaning of the word "conviction." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The first level of review is an examination of both the text and context of the statute in question. *Id.* at 610-11.

We previously considered the term "conviction" in *State v. Gile*, 161 Or App 146, 985 P2d 199 (1999). At issue there was whether a defendant found guilty of burglary except for insanity was convicted such that the court could impose a unitary assessment and attorney fees. We considered the text and context of the statutes in question, ORS 161.665 and ORS 137.290, to determine whether the guilty except for insanity determination was a finding of guilt or a final judgment of guilt. *Id.* at 150-51. The text and context of both of the statutes demonstrated that the legislature intended "conviction" to mean a criminal judgment pronouncing sentence and not a finding of guilty by plea or verdict. *Id.* at 151.

Here, we undertake the same analysis, beginning with a review of the text and context of ORS 163.465(2)(b). The statute does not define conviction and provides no insight into the meaning of "the term." We next consider the guilty except for insanity statutes, ORS 161.295 to 161.351. While "conviction" is not defined in those statutes we, nonetheless, can determine whether the legislature intended for a judgment of guilty except for insanity to be a conviction.

In *Gile*, we stated that this "statutory framework uses the word 'conviction' only once and then in a context suggesting that the dispositional judgment is not a criminal judgment imposing a sentence." 161 Or App at 153. While that statement helped to resolve the issue in *Gile*—because the statutes in question required a criminal judgment to be enforced—it is less helpful here because we do not know whether the intended meaning of "conviction" in ORS 163.465(2)(b) is a final judgment or simply a finding of guilty.

We turn to the text of ORS 161.325, which governs entry of judgment of guilty except for insanity. It provides, in part:

"(1)   After entry of judgment of guilty except for insanity, the court shall, on the basis of the evidence given at the trial or at a separate hearing, if requested by either party, make an order as provided in ORS 161.327 or 161.329, whichever is appropriate.

"(2)   If the court makes an order as provided in ORS 161.327, it shall also:

"(a)   Determine on the record the offense of which *the person otherwise would have been convicted*[.]"

(Emphasis added.) The plain language of this statute tells us that the person was not, in fact, convicted. It therefore follows that, in the absence of being convicted, one cannot have a conviction. In sum, ORS 161.325 provides the contextual clue that when a defendant is guilty except for insanity, there is no conviction.

Defendant's prior adjudications finding him guilty except for insanity of public indecency are not convictions.

Affirmed.