Argued June 5, reversed July 3, 1975

VASQUEZ, *Appellant, v.* COURTNEY ET AL,
*Respondents.*

537 P2d 536

*Harold W. Adams,* Salem, argued the cause and filed a brief for appellant.

*Edward H. Warren,* Portland, argued the cause for respondents. With him on the brief were Milton R. Smith, and Hershiser, Mitchell & Warren, Portland.

HOWELL, J.

Plaintiff filed this action for libel alleging the defendants made defamatory statements concerning plaintiff to a probation officer making a pre-sentence investigation of plaintiff. The defendants moved to dismiss the complaint on the ground that plaintiff was precluded from bringing the suit by ORS 137.240 which provides that a conviction of a felony suspends the civil rights of the person convicted.[1] The court allowed the motion and plaintiff appeals. We reverse.

On December 11, 1973, plaintiff was found guilty by a jury of criminal activity in drugs. A pre-sentence investigation was ordered. Later, the plaintiff was charged with a second offense and entered a plea

---

[1] ORS 137.240 states in part:

"(1) Conviction of a felony:

"(a) Suspends all the civil and political rights of the person so convicted.
"* * * * *.

"(3) The provisions of subsections (1) and (2) of this section are not intended to render a person convicted of a felony incapable of:
"* * * * *.

"(e) Appearing and maintaining or defending any other cause of action while imprisoned or on release, if the action was *started* before the person's conviction." (Emphasis supplied.)

of guilty on March 25, 1974. On June 28, 1974, plaintiff filed his libel action. Judgments were entered on both criminal charges on July 2, 1974, and plaintiff was sentenced to the Corrections Division for consecutive terms of five years and two years.

The defendants contend that the plaintiff had been "convicted" of a felony at the time the libel action was filed and therefore his civil rights were suspended and plaintiff could not bring this action. The plaintiff contends that the "action was started before the person's conviction" and therefore plaintiff is not precluded from maintaining his action.

The issue of whether plaintiff's action is barred by ORS 137.240 turns upon whether plaintiff was "convicted" before a judgment on the criminal charges had been entered. The definition of "conviction" as it relates to the effect of a felony conviction on an individual's civil rights is contained in ORS 137.230:

"As used in ORS 137.230 to 137.260, 'conviction' or 'convicted' means an adjudication of guilt upon a verdict or finding entered in a criminal proceeding in a court of competent jurisdiction."

■■ It is clear that the statute contemplates, first, a finding of guilt by a jury verdict or a finding by the court without a jury and, second, an "adjudication" based upon such finding. To "adjudge" is defined as "to pass on judicially, to decide, settle, or decree, or to sentence or condemn." An "adjudication" is defined as "the giving or pronouncing a judgment or decree in a cause." Black's Law Dictionary (Rev 4th Ed 1968). A "judgment" in a criminal case constitutes a judicial determination of guilt based on a verdict or plea of guilty and imposes a penalty for the transgression committed by the defendant. *People v. LaSasso*, 182 Misc 538, 44 NYS2d 93 (1943).

■ The word "conviction" has two accepted mean-

ings. The first refers to a finding of guilt by a plea or verdict. The second, more technical, meaning refers to the final judgment entered on a plea or verdict of guilt. In the latter case conviction has not been accomplished until the judgment is made by the court. *Daughtrey v. State,* 46 Fla 109, 35 So 397 (1903); *Levin v. Carpenter,* 332 SW2d 862, 79 ALR2d 859 (Mo 1960); *Ex parte White,* 28 Okla Crim 180, 230 P 522 (1924).

■■ Civil disabilities are considered penal in nature and are strictly construed. *Hayashi v. Lorenz,* 42 Cal 2d 848, 271 P2d 18 (1954). Where civil penalties and disabilities are involved as in the instant case, a large majority of jurisdictions accept the technical meaning of "conviction" and hold that conviction takes place only after a determination of guilt and a pronouncement of the judgment of the court. *Truchon v. Toomey,* 116 Cal App 2d 736, 254 P2d 638, 36 ALR2d 1230 (1953); *Faunce v. People,* 51 Ill 311 (1869); *Levin v. Carpenter,* supra; *People v. Fabian,* 192 NY 443, 85 NE 672 (1908); *Commonwealth v. Reading,* 336 Pa 165, 6 A2d 776 (1939); Note, 22 So Cal L Rev 476 (1949).② *But see United States v.*

---

② "In the states having no statutory definition and in the fourteen states that have enacted a general definition, the courts define 'conviction' in two ways. The first view equates a conviction with the determination of guilt, either by plea of guilty or by the court's or jury's verdict of guilty. Most courts accept this definition when the statute in question involves either the imposition of a punitive sanction or a criminal procedure. A small minority of courts adopt this view for civil disability statutes, especially when the provision pertains to the right to hold public office.

"The second definition of conviction is more specific than the first. According to this view, a conviction has occurred only after both a determination of guilt and a pronouncement of judgment and sentence. There is no conviction unless judgment and sentence are rendered. When the statute in question imposes civil disabilities, most courts adopt this second definition. These courts reason that the legislature did not intend for valuable

*Watkinds,* 7 Sawy 85, 6 F 152 (CCD Or 1881). We agree with the majority view.

As plaintiff's action was filed before a judgment had been entered, the trial court erred in granting a dismissal.

Reversed.[9]

---

rights and privileges to be lost without a final judgment and sentence. * * *" Special Project, The Collateral Consequences of a Criminal Conviction, 23 Vand L Rev 929, 953-954 (1970). (Footnotes omitted.)

[9] We note that the 1975 Legislature has made major modifications in the law relating to civil disabilities of convicted felons. One convicted of a felony may now maintain civil actions regardless of whether the action was started before or after conviction. *See* SB 425, 58th Leg. Assembly (1975) (not presently signed by the governor).