Submitted on record and briefs January 15, accused found not guilty and disciplinary proceedings were dismissed March 24, 1987

## In re Complaint as to the Conduct of
## JOHN W. SONDEREN,
*Accused.*

## (OSB 85-5; SC S31701)
734 P2d 348

Donald L. Williams, Assistant General Counsel, Lake Oswego, filed the brief on behalf of the Oregon State Bar.

Jerry F. Kobelin, Clackamas, filed the brief on behalf of the accused.

PER CURIAM

## PER CURIAM

This is an attorney discipline case. The primary issue is whether the accused is subject, under the facts of this case, to discipline pursuant to ORS 9.527(2), which provides, in pertinent part:

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

"* * * * *

"(2)   The member has been convicted in any jurisdiction of an offense which is a misdemeanor involving moral turpitude or a felony under the laws of this state, or is punishable by death or imprisonment under the laws of the United States, in any of which cases the record of the conviction shall be conclusive evidence * * *."

We conclude that he is not subject to discipline under the foregoing statute.

The facts are undisputed. In May, 1984, the accused pleaded guilty to, *inter alia,* driving while suspended, a felony. On January 30, 1985, the trial judge entered a judgment placing the accused on probation for that felony.[1] At that time, the judge indicated that, if the accused successfully completed probation, he would consider a motion to treat the offense as a Class A misdemeanor. *See* ORS 161.705.[2]

---

[1] At the time of the accused's conviction, *former* ORS 487.560 provided, in pertinent part:

"(1)  A person commits the offense of driving while suspended or revoked or in violation of an occupational permit if the person does any of the following:

"(a)  Drives a motor vehicle upon a highway during a period when the person's driving privileges have been suspended or revoked in this state by a court or by the division.

"* * * * *

"(4)  The offense described in this section, driving while suspended or revoked or in violation of occupational permit, is a Class A misdemeanor except that if the suspension or revocation resulted from any of the following the offense is a Class C felony:

"* * * * *

"(g)  Driving under the influence of intoxicants * * *."

In this case, the accused's license suspension resulted from driving under the influence of intoxicants.

[2] ORS 161.705 provides:

"(1)  Notwithstanding ORS 161.525, the court may enter judgment of convic-

On September 23, 1985, the Oregon State Bar executed a formal complaint alleging that the accused had been convicted of a felony and, therefore, was subject to discipline under ORS 9.527(2). The accused filed an answer admitting the facts in the complaint but denying that his conviction was for a felony, inasmuch as "the matter is not yet completely determined and is still pending."

A hearing before a trial panel was held on April 8-10, 1986. On August 14, 1986, the trial judge entered a modified judgment declaring that the accused's conviction for driving while suspended would be treated as a misdemeanor. That document was included in the record pursuant to the parties' agreement.

The trial panel found that the accused had been convicted of a felony and, therefore, was subject to discipline under ORS 9.527(2). The panel also concluded that the trial judge's subsequent reduction of the offense to misdemeanor status did not affect its authority to discipline the accused:

> "The facts remain unchanged that the accused was accused of, pleaded guilty to, and was convicted of felony driving while suspended. This is not a case where the charge was reduced before a plea was entered, nor is it a case where the conviction was overturned by reason of error or retrial. [The trial judge], in administering the criminal laws of this state, has elected to treat this conviction as a misdemeanor, but that does not alter the fact that the accused pleaded guilty to and was convicted of a felony. It is the Trial Board's position that the action of the Circuit Court in electing to treat the

---

tion for a Class A misdemeanor and make disposition accordingly when:

"(a) A person is convicted of any Class C felony; or

"(b) A person is convicted of a Class B felony pursuant to ORS 475.992(2)(a); or

"(c) A person is convicted of the Class B felony of possession of marijuana pursuant to ORS 475.992(4)(a); or

"(d) A person convicted of any of the felonies described in paragraphs (a) to (c) of this subsection, or of a Class A felony pursuant to ORS 166.720, has successfully completed a sentence of probation; and

"(e) The court, considering the nature and circumstances of the crime and the history and character of the defendant, believes that it would be unduly harsh to sentence the defendant for a felony.

"(2) This section does not apply, however, in cases subject to ORS 475.995."

There are other statutes which work effects somewhat analogous to those created by ORS 161.705. *See, e.g.,* ORS 137.225(5); 430.505.

felony conviction as a misdemeanor ex post facto is not binding upon this body for the purposes of the disciplinary rules for the Oregon State Bar."

The trial panel found the accused guilty of the charge contained in the Bar's complaint. It also found that the accused had a severe drinking problem and recommended that "any disposition of this matter should focus on and strengthen the accused's incentive and desire to stay free of alcohol." With that consideration in mind, the trial panel recommended that the accused be suspended from the practice of law for a period of 18 months but that the suspension be stayed so long as the accused complied with certain conditions of probation.

The accused argues before this court that, because of its subsequent reduction to a misdemeanor, the conviction should not be considered a felony conviction for the purposes of ORS 9.527(2). He further argues that misdemeanor driving while suspended is not a crime involving moral turpitude. Finally, he argues that, even if he were subject to discipline on the basis of his conviction, the 18-month suspension recommended by the trial panel is excessive.

We first address the question whether the accused was subject to discipline under ORS 9.527(2). According to the pleadings in this case, the sole basis for discipline is the accused's conviction for driving while suspended. Under ORS 9.527(2), that conviction constitutes a ground for discipline only if it is for a misdemeanor involving moral turpitude or a felony.

We agree with the accused that misdemeanor driving while suspended is not a crime involving moral turpitude. In *In re Chase,* 299 Or 391, 402, 702 P2d 1082 (1985), this court held that, in order to involve moral turpitude, a crime must require intent and must include as an element fraud, deceit, dishonesty, harm to a specific victim or illegal activity undertaken for personal gain. Driving while suspended does not require an intentional mental state, *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982), nor does it contain any of the other elements necessary to establish moral turpitude. Thus, if the accused's conviction is considered a misdemeanor, ORS 9.527(2) does not apply.

The question, therefore, turns on whether, for the

purposes of attorney discipline, the accused was convicted of a felony. The original judgment entered in January, 1985, convicted the accused of felony driving while suspended. Disciplinary proceedings were initiated long before the trial judge reduced the accused's conviction to a misdemeanor. At the time that the complaint was filed and the hearing took place, the accused unquestionably had been convicted of a felony. Disciplinary proceedings were permissible.[3] The accused argues, however, that the August, 1986, modified judgment reducing the offense to misdemeanor status eliminated the felony conviction as a ground for discipline.

■      We agree with the accused. We find it clear from the statute's language that ORS 161.705(1) was intended to allow persons convicted of certain felonies to avoid not only the immediate consequences of a felony conviction, such as sentencing, but also other disabilities that may arise as a result of a having been convicted of a felony. We have found no legislative history indicating that the legislature intended to omit attorney discipline matters from the otherwise ameliorating effect of the statute. To hold that the conviction remains a felony for these purposes would circumvent the statutory purpose.[4] We hold that, after it has been reduced to misdemeanor status pursuant to ORS 161.705(1), a conviction for driving while suspended is not a felony conviction for the purpose of attorney discipline under ORS 9.527(2).

■      The Bar Rules contain a procedure to be followed when a conviction that served as a basis for discipline is reversed on appeal or the accused is granted a new trial. In either case, any suspension or other discipline previously

---

[3] Under the bar rules, disciplinary proceedings could have been commenced as early as May, 1984, when the accused entered his guilty plea. BR 3.4(a).

[4] Nothing in the language of ORS 9.527(2) suggests that "conviction" means a factual adjudication of guilt or a guilty plea rather than the actual entry of a judgment of conviction. *Compare State v. Smith,* 298 Or 173, 691 P2d 89 (1984). In *Ex Parte Tanner,* 49 Or 31, 35-6, 88 P 301 (1907), this court stated that:

"It is very questionable whether a mere plea or verdict of guilty is a conviction within the meaning of [ORS 9.527(2)]. In common parlance and for many purposes the word 'conviction,' when used in a statute, means the judicial ascertainment of guilt by plea or verdict. * * * But when a conviction is made the ground of some disability or special penalty there are many respectable authorities holding that a final adjudication by judgment is essential * * *."

We continue to approve the foregoing language and conclude that "conviction," for the purposes of ORS 9.527(2), refers to a judgment.

ordered must be vacated. BR 3.4(i). We hold that this procedure also should be followed in the event that a felony conviction which serves as a basis for discipline subsequently is reduced to misdemeanor status pursuant to ORS 161.705.

The accused is found not guilty. The disciplinary proceedings against him are dismissed.