STATE OF OREGON,
*Respondent,*

*v.*

SHERYL DINTELMAN,
*Appellant.*

(C89-07-33976; CA A64245)

829 P2d 719

Donald P. Roach, Portland, argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals her conviction for being a felon in possession of a firearm. ORS 166.270. She contends that the court erred by denying her motion for directed verdict, because she was not a person convicted of a felony. We reverse.

Defendant was in possession of a firearm on July 21, 1989.[1] On June 29, 1989, she had pled guilty to two class C felonies, but she had not been sentenced by July 21, 1989. She argued that, because there was no sentence and judgment of conviction when she possessed the firearm, the state failed to prove that she had been convicted of a felony at that time.

ORS 166.270 provides, in pertinent part:

"(1)  Any person who has been convicted of a felony under the law of this state or any other state, * * * who owns or has in the person's possession or under the person's custody or control any firearm, commits the crime of felon in possession of a firearm.

"* * * * *

"(3)  For the purposes of this section, a person 'has been convicted of a felony' if, at the time of conviction for an offense, that offense was a felony under the law of the jurisdiction in which it was committed. Provided, however, that such conviction shall not be deemed a conviction of a felony if:

"(a)  The court declared the conviction to be a misdemeanor at the time of judgment * * *."

Whether there was evidence that defendant had been convicted of a felony depends on the meaning of "convicted" in ORS 166.270, which does not define the term or indicate when in the criminal trial process a conviction occurs. "Convicted" has a number of meanings, depending on the circumstances of the inquiry and what legally follows from a conviction. *See In re Sonderen,* 303 Or 129, 734 P2d 348 (1987); *State v. Smith,* 298 Or 173, 691 P2d 89 (1984); *Vasquez v. Courtney,* 272 Or 477, 537 P2d 536 (1975); *State v. Cartwright,* 246 Or 120, 418 P2d 822 (1966), *cert den* 386 US

---

[1] Defendant's motion to suppress evidence because of an unlawful search was denied. Her first claim of error relates to the search. Because we reverse the conviction, we need not address the search issue.

937 (1967); *Ex Parte Tanner*, 49 Or 31, 88 P 301 (1907); *State v. Taylor*, 62 Or App 220, 660 P2d 690 (1983). There being no statutory or uniform definition, we must determine what the legislature intended by the term in this context.

■■ Although ORS 166.270 does not define conviction, subsection (3)(a) provides that a conviction shall not be deemed a conviction of a felony if the court declares it to be a misdemeanor "at the time of judgment." A class C felony can be reduced to a misdemeanor by the court entering a judgment to that effect. ORS 161.705. Consequently, whatever the gravamen of the conduct as determined by a plea of guilty or a finding of guilty, the operative characterization of the offense awaits entry of the judgment. The issue under ORS 166.270 is not whether there was a finding of felonious conduct but whether defendant had been convicted of a felony. We conclude that, for the purposes of ORS 166.270, convicted of a felony means not only a determination of guilt but also entry of a judgment of conviction.

The state offered only orders entering defendant's pleas of guilty to show that, when she later possessed the firearm, she had been convicted of a felony. That was not sufficient. The court erred by denying defendant's motion for judgment of acquittal.

Reversed.