Argued and submitted February 28, reversed and remanded November 4, 1992

# STATE OF OREGON,
*Appellant,*

*v.*

# LEROY ERWIN ADAMS,
*Respondent.*

(C 9010-36005; CA A68780)

840 P2d 745

Jas. Adams, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Vernon Cook, Gresham, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

The state appeals from an order sustaining defendant's demurrer to three counts of being a felon in possession of a firearm. ORS 166.270. We reverse and remand.

In August, 1983, defendant pled guilty to second degree burglary. The trial court suspended the imposition of sentence and ordered probation for 18 months, which defendant successfully completed in March, 1985. In November, 1990, defendant was indicted on three counts of being a felon in possession of a firearm.[1] On January 18, 1991, he filed a demurrer to the charges, arguing that, because his 1983 conviction was reduced to a misdemeanor after he successfully completed probation, he was not a "felon" for purposes of ORS 166.270. The trial court concluded that he was a felon at all material times under the statute, but sustained defendant's demurrer on *ex post facto* grounds, reasoning that the law imposed an additional " 'criminal or penal consequence' which cannot be imposed retrospectively."

■     The state argues that the trial court erred in granting defendant's demurrer and dismissing the indictment, because the amendments to ORS 166.270, which define the crime of being a felon in possession of a firearm, do not violate the *Ex Post Facto* Clauses of the Oregon or United States Constitutions. Or Const, Art I, § 21; US Const, Art I, § 9. In *State v. Lamb*, 110 Or App 146, 822 P2d 143 (1991), we held that the 1989 legislative amendments to the firearms statute, ORS 166.270, do not constitute "punishment" under either constitution. Accordingly, the trial court erred in concluding that the amendments to ORS 166.270 subjected defendant to additional retroactive punishment and in granting his demurrer to the indictment on that basis.

Defendant argues, however, that the demurrer should also have been granted on the ground that he was not a "felon" for purposes of ORS 166.270 when he allegedly possessed the firearm. The statute prohibits persons previously "convicted of a felony" from possessing a weapon.

---

[1] On January 7, 1991, on defendant's motion, the trial court entered an order declaring defendant's 1983 felony conviction to be a class A misdemeanor. The trial court attributed no relevance to the 1991 order in this proceeding, and defendant does not rely on it here.

However, the statute also provides that certain convictions not be deemed a felony if the court declares them to be misdemeanors "at the time of judgment." ORS 166.270 (3)(a). In *State v. Dintelman*, 112 Or App 350, 353, 829 P2d 719 (1992), we explained that

> "[a] class C felony can be reduced to a misdemeanor by the court entering a judgment to that effect. ORS 161.705. Consequently, whatever the gravamen of the conduct as determined by a plea of guilty or a finding of guilty, the operative characterization of the offense awaits entry of the judgment. The issue under ORS 166.270 is not whether there was a finding of felonious conduct but whether defendant had been convicted of a felony. We conclude that for the purposes of ORS 166.270, convicted of a felony means not only a determination of guilt but also entry of a judgment of conviction."

Defendant argues that his conviction became a misdemeanor under ORS 161.585(2)(f):

> "Notwithstanding the provisions of ORS 161.525, upon conviction of a crime punishable as described in subsection (1) of this section, the crime is a felony for all purposes until one of the following events occurs, after which occurrence the crime is a misdemeanor for all purposes:
>
> "* * * * *
>
> "(f) The court grants probation to the defendant without imposition of sentence upon conviction and defendant is thereafter discharged without sentence."[2]

Defendant contends that, under ORS 161.585(2)(f), once he successfully completed his probation in March, 1985, his conviction became a misdemeanor "for all purposes," including for purposes of the crime of being a felon in possession of a firearm.

ORS 166.270, however, defines when a person has been "convicted of a felony" for the purposes of the crime of being a felon in possession of a firearm:

> "(3) For the purposes of this section, a person 'has been convicted of a felony' if, at the time of conviction for an offense, that offense was a· felony under the law of the

---

[2] ORS 161.585 applies only to persons convicted of felonies before November 1, 1989. ORS 161.585(3).

jurisdiction in which it was committed. Provided, however, that such conviction shall not be deemed a conviction of a felony if:

"(a)   *The court declared the conviction to be a misdemeanor at the time of judgment; or*

"(b)   The offense was for possession of marijuana and the conviction was prior to January 1, 1972." (Emphasis supplied.)

The critical question is whether the conviction was declared to be a misdemeanor at the time of judgment. At the time of the initial entry of judgment on the burglary conviction in 1983, the court did not declare the conviction to be a misdemeanor and, as we held in *State v. Erb*, 101 Or App 444, 445, 790 P2d 1211 (1990), the fact that a defendant is placed on probation after imposition of sentence was suspended does not mean that a conviction was "a misdemeanor at the time of judgment" for the purposes of ORS 166.270. When a convicted defendant is placed on probation, the conviction becomes "final" on the day that the judgment is entered in the register. *See Bartz v. State of Oregon*, 314 Or 353, 356, 839 P2d 217 (1992). The judgment was entered into the register September 21, 1983.

■      Defendant also argues that the requirement of ORS 166.270 that a conviction be declared a misdemeanor at the time of judgment in order not to be considered a felony is inconsistent with ORS 161.585(2)(f), which made defendant's earlier conviction a misdemeanor "for all purposes" when he successfully completed probation. Defendant contends that the provisions of ORS 161.585 control here, because that statute is more specific than ORS 166.270. We disagree. ORS 166.270(3) specifically defines a felon for purposes of the crime of being a felon in possession of a firearm. To the extent that the statutes are inconsistent, ORS 166.270 is the more specific and controls. ORS 174.020. We conclude that defendant was a felon for purposes of the firearm statute at the time that he was charged with the crime and that the trial court erred in allowing the demurrer.

Reversed and remanded.