Argued and submitted July 31, affirmed October 29, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# THUAN JUSTIN NGUYEN,
*Defendant-Appellant.*

Washington County Circuit Court
D062113T; A133428

196 P3d 40

Travis S. Eiva, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Linda Wicks, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Richardson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals a judgment convicting him of misdemeanor driving while suspended. ORS 811.182. Defendant was stopped for failure to display registration plates, ORS 803.540(1), after a police officer observed that defendant's vehicle lacked a front registration plate.[1] Defendant contends that the trial court erred in denying his motion to suppress evidence acquired as a result of the stop on the ground that the officer lacked a reasonable belief that defendant had committed a traffic violation. We review for errors of law, ORS 138.220, and affirm.

The facts are not in dispute. On April 14, 2006, defendant was driving in his older model Jeep Cherokee. Officer Kangas, who was watching traffic from his motorcycle positioned on the shoulder of the road, saw defendant's Jeep coming toward him and noticed that the Jeep did not have a registration plate on the front bumper. Kangas pursued defendant and stopped him, intending to cite him for failure to display a registration plate on the front of his vehicle as required by ORS 803.540(1)(b). As Kangas approached defendant, Kangas saw a registration plate propped up on the left side of the dashboard, inside the windshield. The edges of the plate had been bent to keep the plate from sliding forward or sideways on the dashboard. Kangas testified that he had been unable to see the registration plate before he stopped defendant and walked up beside the Jeep. Kangas asked for defendant's driver's license; defendant handed him an Oregon temporary license, which had expired. Kangas conducted a records check that revealed that defendant's driving

---

[1] ORS 803.540 provides:

"(1) A person commits the offense of failure to display registration plates if the person operates, on the highways of this state, any vehicle or camper that has been assigned registration plates by this state and the registration plates assigned to the vehicle or camper are displayed in a manner that violates any of the following:

"* * * * *

"(b) Plates must be displayed on the front and rear of the vehicle if two plates are required.

"(c) The plates must be in plain view and so as to be read easily by the public."

privileges had been suspended. He then cited defendant for misdemeanor driving while suspended.

Before trial, defendant moved to suppress the evidence gathered by Kangas after the initial stop of his Jeep. Defendant argued that Kangas illegally extended the stop by continuing to investigate him for failure to display a registration plate after seeing the plate propped up behind the windshield. Seeing the plate so positioned, defendant argued, caused Kangas to lose whatever objective probable cause he had for stopping defendant for failing to display a registration plate.

Defendant called two witnesses who testified that they had seen the registration plate from varying distances while the Jeep was parked; defendant testified that he had bent the edges on his registration plate so that it would stand up behind the windshield, and "be visible." Defendant argued that he had complied with ORS 803.540(1)(b) and ORS 803.540(1)(c), because the registration plate was on the "front" of his vehicle, and it was in "plain view."

The trial court denied defendant's motion. Defendant was convicted by the court of misdemeanor driving while suspended. The question on appeal is whether, in light of defendant's placement of the registration plate behind the front windshield of his vehicle, Kangas had probable cause to stop and detain defendant for a violation of ORS 803.540(1)(b).

In order to stop and detain a person for a traffic violation, an officer must have probable cause to believe that the person committed a violation. ORS 810.410; *State v. Matthews*, 320 Or 398, 403, 884 P2d 1224 (1994). That means the officer must subjectively believe that a violation has occurred, and the belief must be objectively reasonable. *State v. Miller*, 345 Or 176, 186, 191 P3d 651 (2008). In order to satisfy the objective component, the facts that the officer perceives to exist must establish the elements of an offense, even if not the offense that the officer believed the defendant committed. *State v. Chilson*, 219 Or App 136, 139-40, 182 P3d 241, *rev den*, 344 Or 670 (2008). Although the facts as perceived by the officer must constitute the elements of an offense, in order to satisfy the objective component, an officer

need not eliminate the possibility that a defense or exception to the offense applies. *State v. Isley*, 182 Or App 186, 190-92, 48 P3d 179 (2002); *State v. Bourget-Goddard*, 164 Or App 573, 578, 993 P2d 814 (1999), *rev den*, 330 Or 331 (2000).

On appeal, defendant contends that the statutory requirement that a registration plate be displayed "on the front * * * of the vehicle" is satisfied when a driver displays the plate behind the windshield of his vehicle. Defendant argues that the plain text of the statute demonstrates that the "front of the vehicle" language "contemplates that a registration plate may be displayed in the windshield of a vehicle." Defendant contends that reading the statute to require that a registration plate be positioned on the front bumper of a vehicle would impermissibly add to the text of the statute and would also render the statute unconstitutionally vague. The state replies that the text and context of ORS 803.540(1)(b) demonstrate that a registration plate must be positioned on the foremost part of the vehicle and that defendant's placement of his plate inside the windshield of his vehicle did not satisfy that requirement.

So framed, the parties' arguments present a question of statutory interpretation. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). ORS 803.540(1)(b) provides that "[p]lates must be displayed on the front and rear of the vehicle if two plates are required." Displayed on the front * * * of the vehicle" is a phrase made up of words of common usage to which we give their plain, natural, and ordinary meanings. "Display" is defined as "to exhibit conspicuously." *Webster's Third New Int'l Dictionary* 654 (unabridged ed 2002). "On," as applicable here, is "used as a function word to indicate position over and in contact with that which supports from beneath." *Id.* at 1574. "The" is "used as a function word before a noun to limit its application to that specified by the succeeding element in that sentence, esp. a subordinate clause, prepositional phrase or infinitive phrase." *Id.* at 2369. "Front" is defined, in part, as "the fore or forward part." *Id.* at 914.

Thus, common usage indicates that to display something "on the front of the vehicle" means to place it over and in contact with the fore or forward part of the vehicle such

that it is exhibited conspicuously. The legislature's use of the definite article suggests an intent to specify a single location; combined with the legislature's choice of the term "front," we read ORS 803.540(1)(b) as requiring one of a vehicle's registration plates to be displayed on *the* foremost part of the vehicle. We do not intend to set out every possible automotive permutation here, but suffice it to say that, if the legislature had intended to allow drivers to choose among different "fronts" of their vehicles in the positioning of registration plates, it would not have chosen the definite article "the." *See generally Osborn v. PSRB*, 325 Or 135, 142-43, 143 n 7, 934 P2d 391 (1997) (discussing use of the definite article "the"). Thus, "the front" of a vehicle is the foremost part of the vehicle, and the registration plate must be exhibited conspicuously on it.

■ Defendant argues that reading ORS 803.540(1)(b) to prohibit registration plates from being placed on the inside of the windshield would "read into" the statute a "plain view" requirement that would make paragraph (b) redundant to paragraph (c). Defendant's argument fails because compliance with paragraph (c) does not excuse compliance with paragraph (b). Paragraph (b) requires that a registration plate be exhibited conspicuously on the foremost part of the vehicle; paragraph (c) requires that the plate, exhibited conspicuously, be in "plain view"; that is, not concealed or rendered unreadable.[2] Thus, a person could violate paragraph (c) while complying with paragraph (b), and *vice versa*. As in this case, a driver arguably may place a registration plate in "plain view" and yet still violate ORS 803.540(1)(b) by not affixing it to the "front" of his vehicle; or, hypothetically, a driver may display the registration plate on the front of her vehicle yet still violate ORS 803.540(1)(c) by failing to remove mud that has concealed the plate.[3] That the legislature contemplated those various scenarios is confirmed by its use of the inclusive term "any" in ORS 803.540. A driver may violate that provision by failing to comply with "any" of the four listed

---

[2] Indeed, the legislature has prohibited various methods of concealment or obstruction. *See, e.g.*, ORS 803.550(2)(b), (c).

[3] This scenario is distinct from that contemplated by the legislature in ORS 803.550(2)(b), (c). Those statutes address the knowing alteration, modification, covering, or obscuring of a registration plate.

requirements, either singly or in combination. In short, reading ORS 803.540(1)(b) to require that a registration plate be exhibited conspicuously on the foremost part of the vehicle does not render that paragraph redundant to ORS 803.540(1)(c).

Moreover, the statutory phrase "on the front of" is used consistently throughout the vehicle code. *See, e.g.*, ORS 811.515(2) ("Parking lights and lights other than clearance, identification and marker lights that are mounted on the front of a vehicle[.]"); ORS 811.525(3) ("This subsection shall not affect the requirement that lighted clearance lights be displayed on the front of the foremost vehicle required to have clearance lights[.]"); ORS 816.200(1)(a) ("Front clearance lights shall be placed on the front of the vehicle."); ORS 816.210(2)(a) ("Front identification lights shall be placed on the front of the vehicle."); ORS 816.240(1) ("At least two hazard lights shall be mounted on the front of the vehicle and at least two hazard lights shall be mounted on the rear of the vehicle."); ORS 816.260(1) ("Bus safety lights shall include at least two of each color of light on the front of the vehicle[.]"). In none of those provisions could the legislative intent embodied in the phrase "on the front of" be effectuated by reading that term to mean "inside the front windshield," as defendant would have us read it in ORS 803.540(1)(b).

Furthermore, the legislature has expressly prohibited the placement of items on the windshield of a vehicle in a manner that obscures the vision of the driver. ORS 815.220.[4] It is unlikely that the legislature intended to allow drivers to place registration plates on the dashboard of their vehicles while also prohibiting obstruction of the windshield, and it is even less likely that the legislature would express such an intent by use of the term "front" in ORS 803.540(1)(b).

___

[4] ORS 815.220 provides, in part:

"(1) A person commits the offense of obstruction of vehicle windows if the person drives or moves on any highway * * * any vehicle with windows obstructed in a manner prohibited under this section.

"(2) The windows of a vehicle are obstructed in a manner prohibited by this section if any material that prohibits or impairs the ability to see into or out of the vehicle is upon any vehicle window described in this subsection. * * * This subsection only applies to the following windows of the vehicle:

"(a) The front windshield."

ORS 815.220 contains an exception to the prohibition against obscuring a windshield that provides further context for our construction of ORS 803.540(1)(b). ORS 815.220(4) provides that "[n]othing in this section prohibits placement of permits in accordance with the provisions of ORS 803.650[.]" ORS 803.650(1) governs the placement of temporary permits and requires their placement in the "left side of the rear window of the vehicle" unless an exception applies. The only exception that allows a temporary permit to be placed on the inside of the front windshield is contained in the administrative rules adopted by the Department of Transportation pursuant to ORS 803.650(2). OAR 735-032-0030(1)(f) provides that a temporary permit may be placed "inside on the left side of the dashboard" only when the vehicle does not have a rear window. We have found no such exception for registration plates, and it is unlikely that the legislature intended to allow registration plates to be placed behind the front windshield of a vehicle while also barring the placement of temporary permits in that position unless the vehicle lacks a rear window. In sum, we conclude, based on its text and context, that ORS 803.540(1)(b) required defendant to conspicuously exhibit his registration plate on the foremost part of his vehicle.[5]

■ Here, defendant placed his registration plate on the left side of his dashboard, inside the windshield of his vehicle. Although two witnesses testified that they were able to see the plate from varying distances, placement of the registration plate on the dashboard did not comply with ORS 803.540(1)(b), because the plate was not exhibited on the foremost part of the vehicle. Because the officer's belief that defendant had committed a traffic violation was objectively reasonable, the trial court correctly denied defendant's motion to suppress.[6]

Affirmed.

---

[5] The legislative history of ORS 803.540(1)(b) discloses nothing to the contrary.

[6] As noted above, defendant also argues that his proposed construction of ORS 803.540(1)(b) is necessary to prevent the statute from being unconstitutionally vague. We reject that argument without discussion.