Argued and submitted December 14, 2011, affirmed March 14, 2012

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## NILE TERRENCE STARK,
*Defendant-Appellant.*

Linn County Circuit Court
08040789; A144974

273 P3d 941

James E. Leuenberger argued the cause and filed the brief for appellant.

Gregory A. Rios, Assistant Attorney General, argued the cause for respondent. With him on the briefs were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals from his conviction for one count of felon in possession of a firearm, ORS 166.270. Defendant advances four assignments of error, three of which we reject without discussion in light of *State v. Rainoldi*, 351 Or 486, 268 P3d 568 (2011) (prosecution not required to prove defendant acted with culpable mental state for violation of ORS 166.270). In his fourth assignment, defendant argues that the trial court erred by denying his motion for a judgment of acquittal because the judgment of conviction in his underlying felony case had been reduced to a misdemeanor before he possessed the firearm at issue here. We affirm.

In August 2004, defendant was convicted of felony possession of a controlled substance in Marion County Circuit Court. The judgment provided that, if defendant successfully completed probation, he could apply for "misdemeanor treatment." In March 2006, defendant filed a motion requesting misdemeanor treatment of that conviction, and the court thereafter entered an order providing that "defendant['s] * * * motion to reduce hi[s] felony conviction to a misdemeanor is granted." In May 2008, defendant was charged by indictment with felon in possession of a firearm in Linn County Circuit Court; the indictment alleged that he had possessed the firearm on or about April 1, 2008. Defendant thereafter moved for a judgment in the Marion County case confirming that he had been convicted of a misdemeanor, rather than a felony, in 2004. That court then entered a judgment providing that "defendant is guilty of [a] misdemeanor * * * and has been since August 11, 2004[.]" The prosecutor in the Marion County case sought reconsideration, and the court vacated that judgment and entered another judgment providing that defendant's "motion to reduce felony conviction to a misdemeanor is granted," and that the judgment was "*nunc pro tunc* for 29th day of March, 2006."

At trial in this case, defendant moved for a judgment of acquittal on the felon in possession of a firearm charge, arguing that, by virtue of the 2006 order in the Marion County case, "he was not a felon at that point [April 2008] for purposes of being a felon in possession of a firearm[.]" Moreover, defendant argued, the 2009 judgment, which was

"*nunc pro tunc* the date of the order in 2006 * * * was clearly a judgment saying that he was a misdemeanant and therefore, he is not a felon for purposes of the felon in possession statute." The trial court denied defendant's motion. Defendant was convicted by a jury, and this appeal followed.

Defendant renews his argument on appeal, reasoning that, by operation of either the 2006 order or the 2009 judgment, his 2004 conviction in the Marion County case was a misdemeanor and, thus, fell within the exception set out in ORS 166.270(3)(a) for convictions that are not deemed felony convictions because "the court declared the conviction to be a misdemeanor at the time of judgment." The state replies that the exception in ORS 166.270(3)(a) applies only where the sentencing court declared the conviction to be a misdemeanor when the original judgment of conviction was entered, and that "it is immaterial whether the felony conviction is later reduced to a misdemeanor."

The parties' arguments present a question of the proper interpretation of ORS 166.270(3)(a). That is a question of law, governed by the principles set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). Our goal is to determine the intended meaning of the statute by examining its text in context along with relevant legislative history and, if necessary, other aids to construction. *Gaines*, 346 Or at 171-73.

ORS 166.270 provides, in pertinent part:

"(1)  Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm.

"* * * * *

"(3)  For the purposes of this section, a person 'has been convicted of a felony' if, at the time of conviction for an offense, that offense was a felony under the law of the jurisdiction in which it was committed. Such conviction shall not be deemed a conviction of a felony if:

"(a)   The court declared the conviction to be a misdemeanor at the time of judgment[.]"

As the Supreme Court explained in *Bailey v. Lampert*, 342 Or 321, 325, 153 P3d 95 (2007):

"ORS 166.270(3) defines the phrase 'has been convicted of a felony.' Generally, a person 'has been convicted of a felony' if, at the time of conviction for an offense, that offense was a felony under the law of the jurisdiction in which it was committed. To satisfy the elements of ORS 166.270(1), one must have been convicted of a felony and then possessed a firearm. That is all that the statute requires to convict a person of being a felon in possession of a firearm."

(Footnote omitted.) Defendant does not argue that his conviction for felony possession of a controlled substance in the Marion County case was not a "conviction for an offense that was a felony under the law of the jurisdiction at the time it was committed"; rather, defendant argues that the subsequent order and judgment that the trial court entered rendered that 2004 conviction a misdemeanor for purposes of ORS 166.270(3)(a). Essentially, defendant argues that the phrase "at the time of judgment" in that statute refers to the time that *any* judgment affecting the status of a defendant's conviction is entered, including subsequent judgments reducing felony convictions to misdemeanors. We disagree.

We do not interpret statutory phrases in a vacuum, and, when the phrase "at the time of judgment" in ORS 166.270(3)(a) is read in light of the whole of ORS 166.270, it is apparent that that phrase refers to the time when the original judgment of conviction was entered. As noted, ORS 166.270(3)(a) provides:

"(3)   For the purposes of this section, a person 'has been convicted of a felony' if, *at the time of conviction for an offense*, that offense was a felony under the law of the jurisdiction in which it was committed. *Such conviction* shall not be deemed a conviction of a felony if:

"(a)   The court declared *the conviction* to be a misdemeanor *at the time of judgment*[.]"

(Emphasis added.) The legislature's use of the definite article "the" indicates that there is only one pertinent "time of judgment" at which a court may declare the conviction to be a misdemeanor. If the legislature had intended the construction that defendant proffers, that *any* judgment entered at any time may qualify as "the time of judgment" under ORS 166.270(3)(a), it likely would not have used the definite article "the." *See State v. Nguyen*, 223 Or App 286, 291, 196 P3d 40 (2008) (explaining, in the context of ORS 803.540(1)(b) that, "if the legislature had intended to allow drivers to choose among different 'fronts' of their vehicles in the positioning of registration plates, it would not have chosen the definite article 'the.' "); *see also Osborn v. PSRB*, 325 Or 135, 142-43, 143 n 7, 934 P2d 391 (1997) (discussing use of the definite article "the").

That understanding is consistent with our previous case law. In *State v. Erb*, 101 Or App 444, 445, 790 P2d 1211 (1990), the defendant had been tried and convicted for violating ORS 166.270, and she argued that, because her felony conviction "became a misdemeanor conviction after 3 years when she was discharged from probation, evidence of the felony conviction should not have been admitted." We disagreed, explaining that

> "ORS 166.270 provides that a person is deemed to have been convicted of a felony if the offense was a felony 'at the time of conviction.' Moreover, a felony conviction becomes a misdemeanor only if it is made 'a misdemeanor at the time of judgment' under the existing law by the sentence actually imposed. ORS 166.270(3)(a). Defendant had been convicted of a Class C felony, which carried a maximum sentence of 5 years. She was placed on probation after imposition of sentence was suspended. That did not reduce the felony conviction to a misdemeanor; her conviction was not otherwise reduced to a misdemeanor at the time of judgment. Therefore, she was still an ex-convict for purposes of ORS 166.270, and evidence of her conviction was properly admitted."

*Id.*

Likewise, in *State v. Dintleman*, 112 Or App 350, 829 P2d 719 (1992), we reversed the defendant's conviction for felon in possession of a firearm because she had possessed

the firearm after her *conviction* for a felony, but before the entry of the *judgment* of conviction. As we explained:

"Although ORS 166.270 does not define conviction, subsection (3)(a) provides that a conviction shall not be deemed a conviction of a felony if the court declares it to be a misdemeanor 'at the time of judgment.' A class C felony can be reduced to a misdemeanor by the court entering a judgment to that effect. ORS 161.705. Consequently, whatever the gravamen of the conduct as determined by a plea of guilty or a finding of guilty, the operative characterization of the offense awaits entry of the judgment."

*Id.* at 353.

In *State v. Adams*, 116 Or App 156, 159, 840 P2d 745 (1992), we upheld the defendant's conviction under ORS 166.270, rejecting his argument that, because he had successfully completed probation, his conviction "became a misdemeanor 'for all purposes,' including for purposes of the crime of being a felon in possession of a firearm." We explained:

"The critical question is whether the conviction was declared to be a misdemeanor at the time of judgment. At the time of the initial entry of judgment on the burglary conviction in 1983, the court did not declare the conviction to be a misdemeanor and * * * the fact that a defendant is placed on probation after imposition of sentence was suspended does not mean that a conviction was 'a misdemeanor at the time of judgment' for the purposes of ORS 166.270. When a convicted defendant is placed on probation, the conviction becomes 'final' on the day that the judgment is entered in the register. *See Bartz v. State of Oregon*, 314 Or 353, 356, 839 P2d 217 (1992). The judgment was entered into the register September 21, 1983."

*Id.* at 160.

Finally, in *Koennecke v. Lampert*, 198 Or App 444, 108 P3d 653, *rev den*, 339 Or 66 (2005), we construed the phrase in ORS 166.270(3)(a) that is at issue here, examining both its text and its legislative history. With regard to the latter, we explained:

"The history underlying what became ORS 166.270(3)(a) (1989) makes clear the purpose of the exception. Legislative

> counsel informed the committee that, under then-existing law, there were two ways that a felony conviction could become a misdemeanor: when 'the judge says at the time of sentencing, I think there is a special circumstance, and I am declaring it a misdemeanor' and when 'regardless of whether the judge brings the subject up or not[,] * * * by operation of law by the type of sentence.' Tape Recording, Senate Judiciary Committee, HB 3470, June 30, 1989, Tape 259, Side A (statement of Counsel Morris). Morris continued, 'What the bill as it came to us did, would abolish things becoming misdemeanors by operation of law[.]' *Id.*"

*Id.* at 452. Accordingly, we held that, notwithstanding the petitioner's argument under ORS 161.585(2)[1] that his 1986 conviction for felony driving while suspended was a misdemeanor by operation of law, ORS 166.270(3)(a)[2] controlled, and "[the] petitioner's 1986 conviction was a felony conviction for purposes of his conviction for felon in possession of a firearm." *Id.* at 453.

In sum, our case law demonstrates that the phrase "at the time of judgment" in ORS 166.270(3)(a) refers to the time when an original felony judgment of conviction was entered, not to a later time when a judgment reducing such a conviction to misdemeanor status might be entered. That construction is consistent with our analysis of the text of ORS 166.270(3)(a) and its legislative history. It follows that defendant's 2004 conviction for felony possession of a controlled substance was a conviction for a felony for purposes of ORS 166.270(3), and neither the trial court's later order, nor the later judgment reducing that conviction to a misdemeanor,

---

[1] As pertinent in *Koennecke*, ORS 161.585(2) (1985) provided:

"Notwithstanding the provisions of ORS 161.525, upon conviction of a crime punishable as described in subsection (1) of this section, the crime is a felony for all purposes until one of the following events occurs, after which occurrence the crime is a misdemeanor for all purposes:

"* * * * *

"(b) Without granting probation, the court imposes a fine."

[2] ORS 166.270(3)(a) (1985) provided that, for purposes of the statute, a conviction for a felony "shall not be deemed a conviction of a felony if * * * [a]t the time of conviction, and pursuant to the law of the jurisdiction in which the offense occurred, the offense was made a misdemeanor by the type or manner of sentence actually imposed[.]" Thereafter, ORS 166.270(3)(a) was amended to provide that a conviction "shall not be deemed a conviction of a felony if * * * [t]he court declared the conviction to be a misdemeanor at the time of judgment[.]"

sufficed to bring defendant's conviction within the exception set out in ORS 166.270(3)(a). The trial court properly denied defendant's motion for judgment of acquittal.

Affirmed.