Submitted August 20, 2013, affirmed September 4, 2014, petition for review denied February 5, 2015 (356 Or 690)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SEAN MICHAEL TURNTINE,
*Defendant-Appellant.*

Washington County Circuit Court
C111190CR; A149335

336 P3d 513

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and De Muniz, Senior Judge.

DE MUNIZ, S. J.

**DE MUNIZ, S. J.**

Defendant appeals a judgment of conviction for felony assault in the fourth degree. ORS 163.160(3).[1] Defendant assigns two errors: (1) the trial court's denial of his motion for judgment of acquittal on the ground that the state failed to prove that defendant had been "previously convicted" of assaulting the victim, and (2) the trial court's imposition of restitution when the state failed to present any evidence regarding the victim's economic damages before sentencing. Because defendant did not preserve his argument concerning restitution, we reject that assignment of error without discussion. As to defendant's first assignment, we affirm.

The relevant facts are not in dispute. On October 31, 2010, defendant and the victim got into a dispute in which defendant pushed the victim and she hit her head on a door. As a result of that incident, defendant was charged with and pleaded guilty to assault in the fourth degree. Defendant was permitted to enter a deferred sentencing program. Later, on June 4, 2011, defendant and the victim again got into a scuffle in which defendant pushed the victim into a television, causing the victim to hurt her back and knee. As a result, defendant was charged with felony assault in the fourth degree, in violation of ORS 163.160(3).[2]

On appeal, defendant contends that the legislature intended the words "has previously been convicted" to mean as evidenced by a final judgment, otherwise the legislature would have included in the text the words, "verdict of guilt," "finding of guilt," or "adjudication of guilt." In response, the state asserts that the word "convicted" has two accepted meanings and that the legislature intended the word "convicted" in the statute to include a "finding of guilt" that may precede the more formal entry of a judgment of conviction.

---

[1] ORS 163.160(3) provides, in relevant part:

"Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"(a) The person has previously been convicted of assaulting the same victim."

[2] Defendant was also charged with and convicted of other crimes, however, this appeal concerns only defendant's felony assault conviction and the supplemental restitution judgment.

Because the issue is one of statutory construction, we employ the usual interpretive methodology, first considering the statute's text and context—including other related statutes and case law—legislative history if helpful, and maxims of construction only if necessary. *See State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009) (begin with text and context, consider legislative history when helpful, and resort to maxims of statutory construction only if necessary).

ORS 163.160(3)(a) does not define the word "convicted." In *Webster's Third New Int'l Dictionary* 499 (unabridged ed 2002) the term conviction is defined, in relevant part, as either "the act of proving, finding, or adjudging a person guilty of an offense or crime," or "the proceeding of record by which a person is legally found guilty of any crime."

Consistent with the alternative meanings found in the dictionary, the Oregon Supreme Court has explained that the word "convicted" has two accepted meanings:

> "The first refers to a finding of guilt by a plea or verdict. The second, more technical, meaning refers to the final judgment entered on a plea or verdict of guilt. In the latter case conviction has not been accomplished until the judgment is made by the court."

*Vasquez v. Courtney*, 272 Or 477, 479-80, 537 P2d 536 (1975) (citations omitted).

In *Vasquez*, the court was required to determine which meaning the legislature intended in *former* ORS 137.240, *repealed by* Or Laws 1975, ch 781, § 10, which stated, in part, that "[c]onviction of a felony * * * [s]uspends all the civil and political rights of the person so convicted." 272 Or at 478 n 1. The court held that the legislature intended the more formal meaning—judgment of conviction—because the application of the statute resulted in the deprivation of a person's political and civil rights. *Id.* at 480-81. The court pointed out, however, that most courts apply the first definition—a finding of guilt constitutes a conviction—"when the statute in question involves either the imposition of a punitive sanction or a criminal procedure." *Id.* at 480 n 2; *see also State v. Rodarte*, 178 Or App 173, 182, 35 P3d 1116 (2001) ("felony conviction" in ORS 809.410(4) means a final

judgment because revocation of driving privileges is analogous to civil disability); *State v. Gile*, 161 Or App 146, 152, 985 P2d 199 (1999) (defendant found "guilty except for insanity" not convicted of charged crime but given remedial purpose of statute).

Despite the reasoning in *Vasquez*, defendant argues that two cases—*State v. White*, 346 Or 275, 211 P3d 248 (2009), and *State v. Dintelman*, 112 Or App 350, 829 P2d 719 (1992)—indicate that the legislature intended the words "previously convicted" in ORS 163.160(3) to mean only a final judgment entered on a guilty plea or verdict of guilt.

In *White*, the issue was whether the court should have merged the "defendant's guilty verdicts for two counts of second-degree robbery that arose out of the same criminal episode." Defendant points out that, in a footnote, the court stated that, "the jury (or, in a bench trial, the court) finds a defendant 'guilty' or 'not guilty' on each offense charged in the accusatory instrument * * * and the defendant is not formally 'convicted' on any charge until the trial court enters a judgment." *White*, 346 Or at 279 n 4.

In *Dintelman*, the defendant was convicted of felon in possession of a firearm in violation of ORS 166.270. On appeal, the defendant argued that the court should have granted her motion for judgment of acquittal because, at the time that she had possessed the firearm, she had been found guilty of a previous crime, but had not been sentenced and therefore, had not been "convicted of a felony" as required under the statute. Because the trial court had the authority to declare the crime "a misdemeanor 'at the time of judgment,'" ORS 166.270(3)(a), we concluded that, under ORS 166.270, "convicted of a felony mean[t] not only a determination of guilt but also entry of a judgment of conviction". *Dintelman*, 112 Or App at 353.

We conclude that neither case controls the outcome here. In *White*, the court's comment was an effort, in the context of a merger question, to clarify for the bench and bar, when true merger occurs. The court's comment was *dictum*, not necessary to the reasoning underlying the court's holding in that case. In *Dintelman*, because the court could designate the crime as either a felony or a misdemeanor at

the time of the entry of the judgment, an offender could not be deemed a felon until the time that the judgment was entered. *Dintelman*, likewise, is not helpful to defendant because, unlike the statute at issue in that decision, ORS 163.160(3) has no similar wording making the timing of the entry of the judgment on the previous offense relevant in any similar way.

ORS 163.160(3) is a criminal statute. The obvious purpose of the statute is to punish an offender, not to protect a defendant from the deprivation of a right or privilege. Given that purpose, we are confident that the legislature did not intend to exclude from the reach of the statute those offenders who have assaulted a victim previously and do so again while awaiting sentencing on the previous assault. Under the analytical paradigm established in *Vasquez*—when the statute involves the imposition of a criminal sanction, "convicted" includes a finding of guilt—we conclude, based on the text and context, that the legislature intended the words "previously convicted" in ORS 163.160(3) to include those offenders found guilty of previously assaulting the same victim, even if a formal judgment of conviction has not yet been entered on the previous assault.[3] Accordingly, the trial court properly denied defendant's motion for judgment of acquittal.

Affirmed.

---

[3] The parties have each included a discussion of the statute's legislative history. That history contains no insight into the legislature's intended meaning of the words "previously convicted," and we conclude that it not helpful to our resolution of the issue.