Submitted January 27, affirmed October 26, 2016, petition for review denied January 13, 2017 (360 Or 752)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BOBBY JAY DONATHAN,
*Defendant-Appellant.*

Josephine County Circuit Court
10CR0319; A157858

383 P3d 946

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for felony driving under the influence of intoxicants (DUII), ORS 813.010(5), raising five assignments of error. We write to address only defendant's first and second assignments, which, in essence, challenge the denial of his motion for a judgment of acquittal on the DUII charge.[1] We reject the other three assignments of error without written discussion. Defendant contends in his first and second assignments that the trial court erred in construing the term "convicted" in the felony DUII statute, ORS 813.010(5),[2] and thereby erred in denying his acquittal motion. We conclude that the court did not err and, accordingly, affirm.

The relevant facts are undisputed. Defendant was charged and convicted under ORS 813.010(5) of felony DUII. ORS 813.010(5) makes DUII a felony when an individual "has * * * been convicted of" three DUII offenses in the 10 years before the individual commits the charged DUII. The state presented evidence at trial that defendant had three prior DUII convictions. Defendant did not dispute two of the predicate convictions, but he did challenge the sufficiency of the evidence on the third. To prove the third offense, the state introduced evidence of a DUII charge from California, which showed that defendant had pleaded no contest to the charge. The California court had accepted defendant's plea

---

[1] Although defendant did not make a formal motion for judgment of acquittal, he argued to the trial court, to which the parties tried the case, that the state had failed to introduce sufficient evidence to prove the elements of the crime. The parties agree that that argument was functionally equivalent to a motion for judgment of acquittal. *See, e.g., State v. Habibullah*, 278 Or App 239, 242 n 1, 373 P3d 1259 (2016) (in a trial to the court, treating arguments about sufficiency of the evidence as equivalent to motion for judgment of acquittal).

[2] ORS 813.010(5)(a) provides, as relevant:

"Driving while under the influence of intoxicants is a Class C felony if the current offense was committed in a motor vehicle and the person has, at least three times in the 10 years prior to the date of the current offense, *been convicted of,* or been found to be within the jurisdiction of the juvenile court for an act that if committed by an adult would be, any of the following offenses in any combination:

"(A) Driving while under the influence of intoxicants in violation of:

"(i) This section; or

"(ii) The statutory counterpart to this section in another jurisdiction."
(Emphasis added.)

but had suspended the imposition of judgment and sentence and had placed defendant on probation with a requirement that he serve 75 days in jail as a condition of probation.

Defendant contended that the California DUII evidence was legally insufficient to prove a predicate DUII conviction because the evidence did not establish that defendant had had a judgment of conviction entered against him in the California case. The trial court rejected defendant's argument and convicted defendant of felony DUII.

On appeal, defendant renews his argument that the evidence of the California DUII was insufficient to prove a predicate DUII conviction under ORS 813.010(5). Defendant contends that the term "convicted" in ORS 813.010(5) means a judgment of conviction, and, because the court did not enter a judgment in the California case, defendant's California DUII offense was not a qualifying conviction. The state responds that "convicted" for purposes of ORS 813.010(5) means a finding of guilt, and, because the California court accepted defendant's no-contest plea and imposed probation based on the plea, evidence of the California DUII was sufficient to establish a qualifying conviction. We agree with the state.

The meaning of "convicted" in ORS 813.010(5) is a question of statutory construction that we review for legal error. *See, e.g., State v. Spainhower*, 251 Or App 25, 27, 283 P3d 361 (2012). As noted in *Vasquez v. Courtney*, 272 Or 477, 479-80, 537 P2d 536 (1975), and as relevant here, "convicted" has two recognized meanings. One means "a finding of guilt by a plea or verdict." *Id.* at 480. "The second, more technical, meaning refers to the final judgment entered on a plea or verdict of guilt." *Id.* In *Vasquez*, the court analyzed *former* ORS 137.240 (1973), *repealed by* Oregon Laws 1975, chapter 781, section 10, which provided that "[c]onviction of a felony * * * [s]uspends all the civil and political rights of the person so convicted." The court held that, because the statute deprived people of political and civil rights as a consequence of criminal convictions, the more formal meaning of "convicted" applied to that statute. *Vasquez*, 272 Or at 480-81. In contrast, the court noted that most courts construe "convicted" to mean a finding of guilt when the term is used in

a statute that imposes punitive or criminal sanctions. *Id.* at 480 n 2.

Our recent decision in *State v. Turntine*, 265 Or App 323, 336 P3d 513 (2014), *rev den*, 356 Or 690 (2015), is consistent with *Vasquez*. There, we construed the meaning of "convicted" in the fourth-degree felony assault statute, ORS 163.160(3)(a) (2013),[3] which provided that an assault was a felony if the defendant "has previously been convicted of assaulting the same victim." The defendant had previously pleaded guilty to assaulting the victim in *Turntine* but had entered a deferred-sentencing program. He contended that "convicted" in ORS 163.160(3)(a) (2013) meant only a formal, final judgment of conviction, and, because the imposition of his sentence had been suspended in the previous assault case, no judgment existed. We disagreed with the defendant's construction of the statute. Relying on *Vasquez*—and in the absence of any countervailing legislative history—we concluded that, "[w]hen the statute involves the imposition of a criminal sanction, 'convicted' includes a finding of guilt *** even if a formal judgment of conviction has not yet been entered." *Turntine*, 265 Or App at 327. In contrast, when the purpose of the statute is to deny a right or privilege to a person based on a criminal conviction, the legislature intends the more formal meaning—*viz.*, a judgment of conviction. *Id.* at 325 (citing *Vasquez*, 272 Or at 480-81). Because ORS 163.160(3)(a) (2013) involved the imposition of a criminal sanction, the finding of guilt on the defendant's prior assault of the victim constituted a qualifying conviction for purposes of the fourth-degree felony assault statute even though no judgment had been entered on the conviction.

Notwithstanding *Vasquez* and *Turntine*, defendant contends that a construction of ORS 813.010(5) that treats a finding of guilt as a qualifying DUII conviction conflicts with

---

[3] ORS 163.160(3)(a) (2013), *amended by* Oregon Laws 2015, chapter 639, section 2, provided:

"Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"(a) The person *has previously been convicted* of assaulting the same victim[.]"

(Emphasis added.)

the DUII diversion statutes. Under those statutes, a defendant must plead guilty or no contest as part of the diversion process, *see* ORS 813.200(4)(a), yet the plea does not lead to a predicate conviction for purposes of ORS 813.010(5) if the defendant successfully completes diversion. *See* ORS 813.250.[4] According to defendant, that understanding is confirmed by legislative history from the DUII statutes in which Oregon State Police Sergeant Hoffman testified that successful completion of diversion was not intended to result in a determination that would constitute a predicate conviction in a subsequent DUII prosecution. Tape Recording, House Committee on Judiciary-Criminal Law, HB 2002, Apr 14, 1999, Tape 137, Side B (testimony of Sgt Bruce Hoffman). Defendant reasons, therefore, that the legislature could not have intended "convicted" to mean a finding of guilt because a guilty plea accepted by a court in conjunction with a successful diversion is not a qualifying predicate conviction for purposes of ORS 813.010(5).

Defendant's argument is based on a misunderstanding of the diversion statutes. *See generally State v. Lagrassa*, 235 Or App 150, 152, 230 P3d 96, *rev den*, 349 Or 57 (2010) (explaining DUII diversion process). A defendant who seeks diversion in a DUII case is required to submit a petition that includes, among other things, a guilty or no-contest plea to the DUII charge. ORS 813.200(4)(a). If the court accepts the petition, the court also accepts the plea but withholds entering a judgment of conviction pending the petitioner's fulfillment of the diversion requirements. ORS 813.230(1)(a). If the petitioner completes diversion, the DUII charge is dismissed with prejudice. *See* ORS 813.250. However, if the petitioner fails to complete diversion, the court enters the plea and a judgment of conviction on it. *See* ORS 813.255.

As that description of the diversion statutes indicates, a court does *not* enter a finding of guilt when it accepts a diversion petition. Hence, construing "convicted"

---

[4] Defendant's argument centers on the 1999 version of the diversion statutes, which had slightly different procedural features from the current version of the statutes. *Compare* ORS 813.225(4) (1999) (requiring a guilty plea as a condition of an extension of time to complete diversion) *with* ORS 813.200(4)(a) (requiring a guilty or no-contest plea to enter diversion). However, those differences do not affect the basic principles on which defendant's argument relies, so we focus on the current version of the statute.

in ORS 813.010(5) to mean a finding of guilt does *not* conflict with the diversion statutes and the legislative policy that excludes a successful diversion as a prior DUII conviction. Consequently, we are not persuaded that the DUII diversion statutes bear on the intended the meaning of the term "convicted" in ORS 813.010(5).

Further, we were unable to find any legislative history indicating that the legislature intended "convicted" in ORS 813.010(5) to mean the formal entry of a judgment of conviction or that the legislature considered how other states handle pleas or the entry of judgments in DUII cases.

In sum, in the absence of legislative history bearing on the intended meaning of the term "convicted" in ORS 813.010(5), we conclude that the principles applied in *Vasquez* and *Turntine* apply to our construction of that term in that statute. ORS 813.010(5) is a statute that imposes a criminal sanction. We conclude, therefore, that the legislature intended "convicted" in ORS 813.010(5) to apply to people who have been found guilty of DUII, even if entry of judgment on that finding is suspended. Hence, the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.